This is an action for a writ of mandate, brought by John P. Stuck, guardian of William Stuck, a person alleged to be of unsound mind, as relator, against the board of trustees of the firemen's pension fund of the city of Indianapolis.
It appears, from the evidence and the special findings, that on the 3rd day of February, 1909, William Stuck was appointed a substitute fireman of the Indianapolis fire force; that on May 17, 1910, he became a regular member of the force; that on August 17, 1910, the department of public safety of the city of Indianapolis, at a regular meeting, made an order dismissing Stuck from the department in the following words: "On recommendation of Chief Coots, Fireman William P. Stuck was dismissed from the Indianapolis fire force on account of physical ailments"; that thereafter Stuck made repeated demands upon the board of trustees of the firemen's pension fund for the payment of his pension, which demands were denied, and no money was ever paid to Stuck, or any one on his behalf, on account of pension; that if Stuck is entitled to pension under the rules of the board, there is due him $14,850. There was judgment "that the plaintiff recover of the defendants the sum of $14,850, and that defendants place relator's ward on the pension roll of said Firemen's Pension Fund, as beneficiary, and that said defendants pay said relator all future payments due thereunder." There is no finding or evidence that Stuck, while in the performance of his duty, became, or was found upon examination by a medical officer ordered by the chief of the fire force to be, physically or mentally disabled so as to render necessary his retirement from all service on the force as provided by section 10929, Burns 1926, § 48-6506, Burns 1933, § 11828, Baldwin's 1934, or that the chief of the fire force had retired him as a disabled person as provided by said section. *Page 119 
The errors assigned present the question as to whether the special findings of fact and evidence are sufficient to sustain the conclusions of law and the judgment. The fifth 1-4. finding recites that the board of public safety entered an order "retiring" Stuck, "which said order was in writing," and follows by setting out the writing relied upon, which is the order of the board dismissing Stuck above quoted. That part of the finding which interprets the order of the board as an order "retiring" Stuck is a conclusion by which the court sought to construe and interpret the quoted order. Such a conclusion cannot control the specific fact found, and we will construe and interpret the written order of the board quoted in the finding, disregarding the trial court's conclusion that the order had the effect of retiring Stuck. It is contended by appellee that the words "disable" and "ailment" are synonymous and interchangeable, and that the words "retire" and "dismiss" are synonymous and interchangeable, and that the order of the board of safety dismissing Stuck on account of physical ailment is the equivalent of an order of the chief of the fire department retiring him as a disabled person. But we cannot concur in such a conclusion. Section 10932, Burns 1926, § 48-6509, Burns 1933, § 11831, Baldwin's 1934, provides that, after a member of the fire force shall have been retired upon pension by reason of disability, the board of trustees shall have the right to cause such member to be brought before it, and again examined for the purpose of discovering whether the disability still continues, and whether the retired member should be continued upon the pension roll; "but he shall remain upon the pension roll until reinstated in the service of the fire department, except in case of dismissal or resignation." Here the words "dismissal" and "retired" are used in the same sentence of the pension act, and palpably are not considered *Page 120 
as having the same meaning. Nor can we construe the order of the board of safety, that Stuck "was dismissed . . . on account of physical ailments," as equivalent to an order of the chief of the fire department retiring him as "physically or mentally disabled, so as to render necessary his retirement from all service on the force." It is only upon such an order of the fire chief that the board of trustees is required to authorize the payment of a pension from the pension fund. The burden was upon appellee to show a definite and clear duty imposed on the trustees, based upon a clear right in Stuck to have the pension paid. It is conceded by appellee in argument that there might be some ailments or injuries which might justify dismissal from the fire department, and not entitle the dismissed fireman to the benefits of the pension fund. It is true that under the statute a fireman is entitled to a hearing before the board upon charges before dismissal. But if the board makes an order dismissing him, and he does not demand a hearing, but acquiesces in the order, and is removed from the force without protest or action, he must be treated as having waived his right to a hearing. It is argued that the statute contemplates that the chief of the fire department shall retire a disabled fireman, and that, because he was dismissed on recommendation of the chief by the board of safety, on account of physical ailment, the action must be treated as retirement by the chief because of permanent disability. But no reason is suggested why the chief of the fire department may not recommend dismissal of a fireman, and the record of the board shows that this is what was done, and there is no evidence other than the board's record as to what transpired at the time of Stuck's dismissal. It seems clear that upon being dismissed he was discontinued as a member of the fire force. If *Page 121 
Stuck had, in fact, been retired and not dismissed, he has continued as a member of the fire force; and had he been disabled the board of trustees of the pension fund had the right to examine into the question of whether or not his disability had been removed, and take steps to have him reinstated in service and discontinue the pension. They have had no such opportunity, nor is it found, nor does it appear, that Stuck was ever physically or mentally disabled so as to render necessary his retirement from all service, or that, if he was, the disability continued. If Stuck was dismissed from the service without a hearing, he had a remedy. If, in fact, he was retired, and the board of trustees of the pension fund failed to place him upon the pension roll and pay him from the pension fund, he had a remedy.
A guardian was appointed for Stuck in October, 1928, more than eighteen years after his dismissal from the force. During all of that time no action was taken by Stuck, or by any one on his behalf, to procure a hearing upon his dismissal, or to require the trustees of the pension fund to recognize him as a pensioner. It is clear from the terms of the act that it is only members of the fire force who are entitled to a pension. It is clear that, because of some ailment, not necessarily incapacitating, Stuck was dismissed without a hearing. We must presume that there was sufficient cause for dismissal. It would not be contended that at this late date Stuck might maintain an action to require the board of safety to reinstate him or grant him a hearing upon the question of dismissal. He acquiesced in the order of dismissal, and has not been a member of the fire force since that time, and therefore is not entitled to a pension.
Judgment reversed, with instructions to the trial court to restate its conclusions of law, and enter judgment for appellants. *Page 122