HORLICK, Respondent, vs. SWOBODA and others, Appellants.

*April 29—May 25, 1937.*

For the appellants there was a brief by *Weisman & Weisman* of Racine, and oral argument by *Jacob M. Weisman*.

For the respondent there was a brief by *Simmons, Walker, Wratten & Sporer* of Racine, and oral argument by *Charles W. Wratten*.

WICKHEM, J.   On June 13, 1935, the board of trustees of the Racine firemen's pension fund passed four separate resolutions retiring upon a pension Thomas Hartnett, chief of the fire department; Charles Jefferson, assistant chief; Frank Strewler, captain; and John Stripple, captain, respec-

tively. The resolutions with respect to the chief and assistant chief recited in substance the period of service of the officer, his age, the judgment of the pension board that one holding an executive office in the fire department, who is over the age of sixty, and has served the department for twenty-two years or more, is not physically able to comply with the requirements exacted by the department from active executive officers; and that the officer in question is no longer able to render the best and most efficient service to the department because of advanced age. With respect to the two captains, the resolutions are substantially the same, except for the expressed judgment of the board that a fireman over the age of fifty-eight years, who has served the department for twenty-two years or more, is not physically able to comply with the requirements which the department exacts of each active member. In each instance, the resolution is to the effect that the officer in question be retired and paid a monthly pension equal to one half the compensation received at the date of his retirement. The complaint alleges that this action was taken by the board without request by any of the members of the department involved; that it was not for the purpose of improving the service in or efficiency of the fire department, but to create vacancies in which members of the firemen's board were interested; that the action was taken without any consideration of the fact that the income from the pension fund is inadequate to meet the proposed retirements; and that the officers in question were all capable of efficiently carrying out the duties of their offices.

Upon appeal from an order overruling a demurrer to the complaint, this court said, in the course of affirming the order:

"Whatever authority to retire a member of the fire department on a pension is by law conferred upon the pen-

sion board, sec. 62.13 (9), Stats., the extent of which we do not now determine, it is perfectly obvious that the pension board had no authority to retire certain members of the fire department for the purpose of making positions available in that department for those in whom influential members of the board were interested, or for the purpose of creating positions in that department for friends and relatives of a majority of the members of said board."

The trial court held in substance that sec. 62.13 (9) and (10) empowered the pension board to retire members of the department only in the interests of efficiency of service and for the public good, and subject to the requirement that the board act in good faith for these purposes. The court found that the action of the pension board in enacting the resolutions heretofore referred to was not in good faith and in the public interest and for public purposes only, that the action of the board constituted an abuse of discretion, and that they should be restrained from putting the resolutions into effect. Findings of fact are that the four defendants now before the court as appellants conspired together to retire certain officers of the department for the purpose of creating vacancies in the department to be filled by promotions to higher positions "of the defendants Louis Swoboda, George Johnson, and William Greco themselves and other favored persons, and by new appointments of favored persons to membership in said fire department."

The applicable statute in its original form was sec. 959—46n, ch. 214, Laws of 1907. It provided:

"Any member of the fire department of any such city, having served twenty-two years or more in such department, may make application to said board to be retired from such department, or he may be retired by the said board of its own motion; in either which case the said board shall order and direct that such member shall be paid a monthly pension. . . ."

As amended, par. 3 of sec. 62.13 (9) (c) provides:

"A member of the department who has served twenty-two years or more may apply to be retired or may be retired on motion of the board. Upon such retirement, or upon discharge after such service, the board shall order to be paid him a monthly pension equal to one-half his monthly compensation at such time."

Upon the original appeal from the order overruling a demurrer to the complaint, it was the writer's view: (1) That the statute vested in the pension board the power to retire any member of the fire department who had served twenty-two years or more in such department; (2) that the jurisdictional fact essential to the exercise of this power was the fact of service for twenty-two years or more in the department; and (3) that, the jurisdictional fact appearing, it was beyond the power of the court to inquire into the motives which impelled the board to act. The court, however, was and is of a different view, and in affirming the order overruling the demurrer and sending the case back for a trial upon the facts, necessarily held that the powers of the board were at least not broad enough to vest in it "authority to retire certain members of the fire department for the purpose of making positions available in that department for those in whom influential members of the board were interested, or for the purpose of creating positions in that department for friends and relatives of a majority of the members of said board." To the above extent, the opinion constituted an authoritative, if partial, construction of the statute and established the law of this case, and by it the parties and the court are bound. It follows that there was a question of fact adequately raised by the pleadings whether the action of the board was in good faith and in the interests of the conservation of the pension fund and the preservation of departmental efficiency, or whether, on the other hand, it

was for the purpose stated and contained in the above quotation from the opinion on the first appeal of this case.

With the foregoing in mind, it becomes necessary to examine the record for the purpose of ascertaining whether the findings of the trial court are sustained by the evidence. It is concluded that the following facts are amply disclosed by the evidence: That the Racine fire department was thoroughly efficient and the four officers in question physically and otherwise qualified to properly discharge their duties; that the mayor of Racine, William J. Swoboda, as well as others of the defendants, had for some time advocated retirement of older members of the department in order to make room for promotions and appointments of new members; that, to further this policy, the defendants Louis Swoboda, George Johnson, and William Greco, all of whom had served less than twenty-two years, conducted a systematic campaign for election to the pension board and were successful in being so elected; that, within a very short time of their election, the board, by the votes of the three new members, plus that of the mayor, adopted a resolution which, after reciting the existence of unemployment in the city of Racine, the fact that a number of young men desire work, and that there are several members of the department eligible for retirement, resolved to retire all members of the department eligible for retirement; that there were immediately public protests, and that as a result of these protests, the majority members of the pension board consulted with the police and fire commission and were urged not to carry out so drastic a program; that the pension board thereupon on June 13, 1935, rescinded its former resolution and adopted the four resolutions heretofore referred to; that as a result of the situation, which would be created by execution of these resolutions, vacancies would be created which the chief succeeding Chief Hartnett would be obligated to fill by promotions

within the department, thus putting the three members of the pension board, who were the proponents of the scheme for retirement, in a position to gain an advantage by the retirement accomplished by the resolutions; that the members of the board made no inquiry into the condition of the pension fund; that all of the disinterested members of the board voted against the resolutions. From the foregoing, the trial court inferred that the only purpose of the resolutions was to make room for the promotion of the three members of the department upon the pension board, and to make room for the addition to the force of those in whom these members were interested or with whom they were friendly, and that this action was taken in bad faith and constituted an abuse of discretion. A complete analysis of the evidence would unduly extend this opinion without performing a corresponding service. We are of the view that the evidence sustains the findings of the trial court upon an issue held by this court to be material and determinative of the validity of the resolutions. It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

The following opinion was filed June 4, 1937:

FAIRCHILD, J. (*concurring*). I agree with the result, but reach the conclusion that the judgment should be affirmed because the pension board has no authority of its own motion to retire and pension men or officers of the department on the ground of a service of twenty-two years. An examination of the statutes discloses the legislative purpose and permits only the construction contended for by respondent. A consideration of sec. 62.13, Stats., as a whole leads to the conclusion that, subject to statutory safeguards, supervision, and control of the department, the employment and discharge of members are vested in the

chief of the department, the common council, and the board of police and fire commissioners. This leaves the pension board with the duty of managing the pension fund with powers accordingly limited, and that board cannot lawfully undertake the distinctively separate duty of controlling the personnel of the department.

Mr. Justice FOWLER agrees with me in this particular.