CITY OF MUNCIE v. HORLACHER.

[No. 27,970. Filed March 21, 1944.]

*George S. Koons,* City Attorney, *George H. Koons,* and *William H. Bales,* all of Muncie, for appellant.

*Joseph H. Davis* and *Fred Davis,* both of Muncie, for appellee.

SWAIM, J.—The appellee, Edgar Horlacher, brought an action against the appellant, City of Muncie, for damages for the breach of his contract of employment as a fireman.

The complaint alleged that the plaintiff was appointed a member of the fire force of said city in November, 1912, and served continuously as such until August 1, 1940. That on said latter date the chief of said fire department of said city wrongfully and unlawfully attempted to, and did, dismiss and discharge the plaintiff from said employment and refused to permit him to continue in the performance of his duties, as such fireman. That no charges were filed against him and he was given no trial or hearing. The complaint con-

cluded with a prayer for damages in an amount equal to the amount of his wages from the date of his alleged discharge.

To this complaint the defendant city filed an affirmative paragraph of answer alleging that the plaintiff was ·not discharged but, on account of his years of service and age, was retired on a pension which he accepted without protest for more than a year; that the plaintiff never made any objection to his retirement nor any demand that he be reinstated; that because of these facts he was not entitled to recover for his salary.

The plaintiff filed a reply alleging that he was an able-bodied man and, at all times, physically and mentally capable of performing his duties as such fireman; that no medical officer had examined and found him to be physically or mentally unfit for service on the fire department; that, therefore, the chief of the fire department had no legal right or authority to retire the plaintiff; and that the plaintiff never made any written or verbal application to said chief requesting retirement from the fire department.

The special findings of fact disclose that on August 1, 1940, the appellee had been a member of said fire department for more than twenty-five years; that he was then fifty-eight years of age; that he had always contributed to, and been a member of, the firemen's pension fund; that about two weeks prior to August 1, 1940, the chief of the fire department told the plaintiff that the plaintiff was going to be retired on pension on August 1, 1940, to which the plaintiff replied that he did not want to go on a pension but wanted to continue in his employment as a fireman; that on the morning of August 1, 1940, the plaintiff went to the fire station where he had been employed and was told by another fireman that the other fireman had been

assigned as the driver of the pumping engine theretofore driven by the plaintiff; that the plaintiff thereupon left said fire station and had not since reported for duty or service as a member of said fire department. That on August 15, upon a report by the chief of the fire department of the plaintiff's retirement upon the basis of plaintiff's twenty-five years of service, the board of trustees of said firemen's pension fund placed plaintiff upon the pension payroll and authorized the allowance of a pension to plaintiff from August 1, 1940. Pursuant to the action of said board of trustees, warrants on said pension fund were drawn for and delivered to the plaintiff each month from August, 1940, to the trial of this cause, and the proceeds of said warrants were obtained and accepted by the plaintiff for his own use. The amount of the pension so paid to the plaintiff each month was fifty-five per cent of the monthly wage received by a fully paid first class fireman in said city. This was the correct amount of pension for a fireman who had been retired from active service. That the plaintiff did not make any written or oral application for retirement from the fire force and he was never examined by any medical officer and found to be physically or mentally disabled; that no charges were ever preferred against him before the board of public works and safety, nor any hearing held by or before said board concerning the plaintiff and said board made no order discharging or relieving the plaintiff from said fire force; that said board made no attempt in any manner to discharge the plaintiff from said fire force; that in September, 1941, about the time plaintiff filed his complaint herein, he informed the city controller of said City of Muncie that he wanted to be reinstated on said fire force with full back pay;

that the plaintiff knew that he had the right, by reason of his age and length of service as a fireman, to retire voluntarily from said fire force and to receive a pension from the firemen's pension fund. That from the 1st day of August, 1940, until September, 1941, the plaintiff did not inform the chief of the fire force or the trustees of the firemen's pension fund, or the members of the board of public works and safety of said city, or any other office of said city having anything to do with the matter, that the plaintiff was accepting said pension under protest in any manner; or that he was asserting or intending to assert any claim that he had not retired from said fire force, or that he had in any manner been wrongfully removed or discharged from said fire force.

On these findings of fact the court's conclusions of law were that on all of the issues the law was with the plaintiff and that he was entitled to recover from the defendant the sum of $692.48. Judgment was entered accordingly. This appeal is predicated on the alleged error of the court in its conclusions of law and in overruling the motion for a new trial.

A recovery by a plaintiff must be on the theory of his complaint. The theory of the complaint in the instant case was that the plaintiff was illegally discharged; and that for this breach of his contract of employment he was entitled to damages in an amount equal to the amount of his wages from the time of his discharge. The special findings do not show that he was discharged, but show, affirmatively, that he was retired from active duty and placed on the pension roll because of his age and the length of his service on the force:

As pointed out by this court in *Board of Trustees of the Firemen's Pension Fund et al.* v. *State ex rel. Stuck,*

*Guardian* (1935), 208 Ind. 117, 194 N. E. 623, ■ when a fireman is retired he is not discharged and he does not by reason of his retirement cease to be a member of the fire force. A member is retired by the chief of the fire force. §§ 48-6527 and 48-6528, Burns' 1933 (June 1943 Supp.), §§ 11835-10 and 11835-11, Baldwin's 1934 (May 1937 Supp.). But it was only the board of public works and safety of the appellant city which had the power to discharge the appellee. § 48-6105, Burns' 1933 (June 1943 Supp.)', § 11478, Baldwin's 1934 (May 1935 Supp.).

In the case of a member retired for disability, the statute expressly provides that the board of trustees of the pension fund shall have the right to have such retired member examined, at any time, and if he be found to be physically able to again be placed back in active service, such fact shall be certified to the appointing authority which shall place such retired member in active service as soon as the first vacancy occurs. § 48-6531, Burns' 1933 (June 1943 Supp.), § 11835-14, Baldwin's 1934 (May 1937 Supp.). Thus a member of the fire force may be taken out of active service and thereafter certified back for active service without the board of public works and safety taking any action concerning such member, except to assign him to the first vacancy occurring. The special findings in this case, therefore, by failing to show that appellee was discharged, do not support the conclusions of law and the judgment for the appellee rendered on such conclusions.

There is no dispute as to the essential facts in this case. The appellee, because of his age and the length of his service on the force, was eligible for voluntary retirement on August 1, 1940. When informed by the chief of the fire department that he was to be retired

on that date, the appellee said he wanted to continue in active service, but when on that date the appellee found another fireman assigned to the duties the appellee had theretofore performed, the appellee made no objection to the chief or to any one else in authority. He left the fire station and never returned.

It is true that he did not make any application to the chief of the fire department for voluntary retirement pursuant to the provisions of the statute. § 48-6528, Burns' 1933, *supra*, § 11835-11, Baldwin's 1934, *supra*. But it is also true that when he was placed on the pension roll by the board of trustees of the pension fund and the pension checks were delivered to him, he accepted said checks without protest and retained the proceeds thereof for his own use. In view of his long service as a member of the fire department and the long period of time he had been a member of the pension fund, he must be held to have known that the pension he was receiving could be legally paid only to firemen retired from active service.

When informed that another fireman had been assigned to his duties appellee could have demanded reinstatement of the proper officers and if refused he could have brought an action to mandate such reinstatement. This he did not do. Instead he accepted, without any objection, the status of a retired fireman and accepted the pension proceeds prescribed for such status for more than a year. This action on his part was entirely inconsistent with his claim for wages as a fireman in active service. By his actual retirement from active service and his acceptance of the pension without protest, the making of a written application for voluntary retirement was waived.

The statements in the special findings that he did not abandon his employment and did not voluntarily retire

on a pension are conclusions and are in irreconcilable conflict with the primary facts found by the court.

*Horlick* v. *Swoboda et al.* (1937), 225 Wis. 162, 273 N. W. 534, relied on by the appellees, discloses a state of facts entirely different from the instant case. There the retired fireman promptly contested the action of the board of trustees of the pension fund in retiring him and the action was found to have been taken in bad faith. Here we have no intimation of fraud or of bad faith.

In *Malloy* v. *City of Chicago* (1938), 369 Ill. 97, 15 N. E. (2d) 861, also relied on by the appellee, the court pointed out that at the time the fireman in question was retired there was no ordinance of the city authorizing such action and no valid law permitting such retirement without the prior adoption of such an ordinance. The court there held that the action of the board was not merely the irregular exercise of a power but was the doing of an act which was expressly prohibited by statute and, therefore, void so it could not be ratified by subsequent action. No such contention could be made in the instant case. Here only the formality of a notice by the appellee to the fire chief was omitted. The purpose of the notice was to apprise the fire chief of the desire of the appellee to be retired. This desire was shown by the appellee's actual retirement from active service on the date suggested by the chief and the failure of the appellee to make any objection. It was further shown by his acceptance and use of the pension checks for more than a year.

In view of the undisputed facts of this case the appellee cannot now be heard to say that he did not voluntarily retire from the fire force of the appellant city on August 1, 1940.

The judgment is reversed with instructions to the trial court to restate its conclusions of law in conformance with this opinion and to enter judgment for the appellant.

NOTE.—Reported in 53 N. E. (2d) 631.