STATE EX REL. SPANGLER v. BOARD OF TRUSTEES, ETC. ET AL.

[No. 30,426. Filed December 18, 1963.]

*John V. Hampton, Robert E. Robinson* and *Dick Clapp,* all of Muncie, for appellant.

*Marshall E. Hanley,* City Attorney, and *Clyde A. Retherford,* Assistant City Attorney, of Muncie, for appellees.

ACHOR, J.—This is an action in which the appellant, who, as plaintiff in the trial court, sought to mandate the appellees, as defendants, to pay a pension to her as the widow of a retired member of the fire department of the city of Muncie.

The trial court sustained appellees' demurrer to appellant's complaint. Appellant elected not to proceed further. Judgment was entered accordingly and this appeal followed.

The essential facts in the case are as follows: Appellant's deceased husband was an active member of the fire department of the city of Muncie from June 5, 1934, until June 11, 1949, when he was retired because of disability. He and appellant were married on October 6, 1956, and lived together until his death on September 4, 1959.

It is appellant's contention that, on June 5, 1959, the appellant's deceased husband was entitled to the status of a retiree on a voluntary basis, under Acts 1937, ch. 31, §10, p. 156, being §48-6527 (b), Burns' 1963 Repl., *infra*, for the reason that he "had served as a member of the Muncie Fire Department for twenty-five years . . . " and was more than 50 years of age. Appellant therefore contends that, having been married to her deceased husband prior to such "voluntary retirement" status, she was entitled to a pension, as his widow, even though her deceased husband had not been returned to active service after his retirement for disability.

Appellant's right, if any, to pension benefits is altogether statutory.

The following are excerpts from the pertinent statutes. As to the creation of the fund, §48-6525, Burns' 1963 Repl., provides, as follows:

"The firemen's pension fund of each city shall consist of:

. . . . .

"(e) Every member of such force shall be assessed a part of his salary, equal to three per cent [3%] per annum of the salary of a fully paid first class fireman. . . .

"(f) Such appropriations as shall be made to or for the benefit of the fund by the common council, . . . "

Section 48-6527, *supra*, establishes the qualifications for benefits. Sub-paragraph (a) thereof provides for the benefits to a member upon his retirement by reason of disability, and subparagraph (b) provides for the payment of certain benefits to the dependents of a member of such fire force or retired member of the

pension fund, in event of his death. These sections are as follows:

"(a) If any member of the fire force of any such city shall become or be found, upon examination, by a medical officer, to be physically or mentally disabled, so as to render necessary his retirement from all service on the force, the chief of the fire force shall retire such disabled person, and the board of trustees shall authorize the payment to such person, monthly, from the pension fund the sum prescribed in section eleven [§48-6528] of this act. . . .

"(b) When any member of such fire force, or retired member on the pension fund thereof, dies, from any causes whatsoever, and leaves a *widow to whom he was married at the time of his retirement,* . . . the board of trustees shall authorize payment to such widow, while unmarried, . . . "

Section 48-6528 makes provision for the "sum" of pension benefits to be paid to members and their dependents according to the manner of their "retirement." The pertinent parts of the statute are as follows:

"(a) The sum which shall be paid to permanently disabled members and to the widows, orphans, mothers and fathers of deceased members, shall be as follows: Upon retirement with such disability during service, a member shall receive in monthly instalments an amount equal to fifty-five per cent [55%] of the monthly wage received by a fully paid first class fireman in such city at the time of the payment of such pension; and in the event of his decease while in such service of the fire force or after such retirement, the widow shall receive an amount equal to thirty per cent [30%] of the monthly wage received by a fully paid first class fireman in such city at the time of the payment of such pension; . . .

"(b) Any member of any such paid fire force who has been in such service twenty-five [25] years and has attained the age of fifty [50] years,

upon making written application to the chief of such fire force, may, at his own option, without medical examination or disability, be retired from all service on such fire force, . . . The pension of the dependents of such retired members shall be the same in case of death after retirement as is provided for dependents of those who die in the service, or after retirement with disability."

It is appellant's contention that, notwithstanding the limitation contained in §48-6527, *supra*, which, standing alone, would deny her pension benefits, she is entitled to pension benefits, as the widow of the deceased fireman, under the terms of §48-6528 (b). It is her contention that, under this latter sub-section of the act, her deceased husband was entitled to the status of a voluntary retiree prior to the time of his death, and that she, being his wife at the time he enjoyed such status, was entitled to pension as his widow, under the provision that "the dependents of such retired members shall be the same in case of death after retirement as is provided for dependents of those who die in the service, or after retirement with disability." §48-6528 (b), *supra*.

Appellant concedes that her husband did not make "written application" for a pension as a voluntary retiree after he had been a member of the force and on the pension fund thereof for 25 years, but that he continuously drew his pension as a member retired for disability. However, she asserts that such written application was not necessary by reason of the holding of this court in the case of *Muncie* v. *Horlacher* (1943), 222 Ind. 302, 53 N. E. 2d 631.

We consider appellant's position untenable. The original Act of 1905 provided, without any limitation, that if any member of the fire force, or retired member of the pension fund, dies and leaves a widow, the pension

board shall authorize the payment to such widow. However, in 1937, the General Assembly amended the provision relative to a pension for a retired fireman's widow to read, as follows:

"(b) When any member of such fire force, or retired member of the pension fund thereof, *dies*, . . . and leaves a widow to whom he was married at the time of his retirement, . . . the board of trustees shall authorize the payment to such widow, . . ." [Emphasis added.] §48-6527 (b), *supra*.

By adopting the above amendment, the General Assembly made it clear that a woman who married a retired fireman, who continued in that status until the time of his death, could not later claim pension rights through him, at the public's expense.

The mere fact that appellant's husband was a member of the fire force for 15 years and a retired member—on the pension fund for 10 years—totalling 25 years, and was more than 50 years of age, did not entitle him to the status of a member entitled to *voluntary retirement,* so that his widow would thereafter be entitled to a pension commensurate with such circumstances. To qualify for such status and permissible voluntary retirement, it was necessary that he must have been a "member of any such *paid* fire force who has been in such *service* twenty-five [25] years and had attained the age of fifty [50] years [§48-6528 (b), *supra*]," as contrasted with a member retired for disability and on the pension fund during such 25 year period. [Our emphasis.]

The time which elapsed while appellant's husband was *retired from service* in the fire force because of

physical disability, and received a pension for that reason, could not be considered or computed as qualifying him for voluntary retirement from the fire force under §48-6528 (b), *supra*. During this period of time, appellant's husband was not a member of the "paid fire force," he was not in "such service," as the term is used in the statute, and he contributed nothing to the pension fund; all of which conditions are precedent to the eligibility of a member to voluntarily retire with pension rights to himself and his dependents, under §48-6528 (b).

The appellant's husband never having qualified for voluntary retirement, under §48-6528 (b), *supra*, it obviously follows that this appellant was at no time married to him *after* he had acquired such status. Therefore, appellant is not entitled to pension benefits which the wife of a member of the "paid fire force" who retires from "such service" would have been entitled to receive as his widow.

The demurrer to appellant's complaint was properly sustained.

Judgment affirmed.

Landis, C. J., concurs in the result; Arterburn and Myers, JJ., concur; Jackson, J., dissents [without opinion].

NOTE.—Reported in 194 N. E. 2d 730.