STATE EX REL. RUSSEL *v.* MICHAW ET AL.

[No. 1269S301. Filed May 25, 1971. No petition for rehearing filed.]

*Straley Thorpe,* of Hammond, for appellant.

*W. J. Glendening, George Glendening, Glendening & Glendening,* of Hammond, for appellees.

DEBRULER, J.—Appellant filed an action in Lake County Superior Court, Room 5, seeking to mandate the appellees, Board of Trustees of the Firemen's Pension Fund of Hammond, to reinstate appellant on the pension rolls. The trial court found for appellees and that ruling is the basis of this appeal.

Appellant joined the Hammond fire force on December 14, 1949. He suffered a back injury in an off duty drag racing incident on June 10, 1962. As a result of that injury he was retired from all service as disabled by the Chief of the department, and placed on the pension rolls by the Board of Trustees of the Pension Fund, pursuant to I.C. 1971, 19-1-37-13, being Burns § 48-6527. On November 12, 1965, the Board, pursuant to I.C. 1971, 19-1-37-17, being Burns § 48-6531, opened a hearing to re-examine the question of appellant's disability. On November 10, 1966, the Board found appellant physically able to return to work in a light duty status, *i.e.*, no stooping or heavy lifting, and on November 12, 1966, certified appellant's name and their decision to the Board of Public Works and Safety of Hammond. As required by § 48-6531, *supra*, the latter Board reinstated appellant to active service, restricted to light duty, as of December 1, 1966. Appellant did not report for work and appellant's name was removed from the pension rolls as of December 1. Appellant then filed this action to require the appellees to reverse their decision and reinstate appellant on the pension rolls.

Section 48-6531, *supra*, states that there shall be no judicial review of the board of pension trustees' decisions but this type of statutory provision has long been deemed unconstitutional and not a bar to judicial review of this kind of administration adjudication. *Mann* v. *Terre Haute* (1960), 240 Ind. 245, 163 N. E. 2d 577; *Public Service Commission* v. *Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. We will construe appellant's action as a complaint for judicial review of the decision made by appellees on November 10, 1966, finding appellant physically able to resume active service on a light duty status. There is no dispute as to the facts and the sole question is the legality of that finding.

Appellant's first argument is that the appellees were pre-

cluded from reaching their decision by I.C. 1971, 19-1-37-18, being Burns § 48-6532, which reads in relevant part:

> "No person who is over the age of thirty-five years or who fails to pass the physical examination required by the board of trustees shall be appointed, reappointed or *reinstated as a member* of the fire force of any city contemplated in this act. . . ." (Emphasis added.)

Appellant notes that the undisputed facts show that at the time of the appellees' decision appellant was forty-one years old and could not pass the physical exam required before a person may join the force. Appellant concludes that, therefore, appellant could not be "reinstated as a member of the force".

We do not think this statute is applicable to the case of the return of a disabled fireman to active service. The appellant was not "reinstated as a member" of the force because he was a "member" all the time he was disabled. In *Muncie* v. *Horlacher* (1944), 222 Ind. 302, 53 N. E. 2d 631, this Court said:

> ". . . when a fireman is retired he is not discharged and he does not by reason of his retirement cease to be a member of the fire force." 222 Ind. at 307.

Appellant was a retired member who was reinstated to active service. Section 48-6532, *supra,* applies to cases where the fireman has not been a member for some period of time and is again made a member of the force. Such is not the case here. This view of the statute is supported by the absurd results which would flow from appellant's interpretation of the statute, *e.g.,* any fireman over thirty-five years old who becomes temporarily disabled and placed on retired status for a short time may not be reinstated to active service even though *completely* recovered. The words of the statute and the obvious intent both support our interpretation of this statute.

Appellant's second contention is that the appellees had no

authority to reinstate appellant to active service unless he was fully recovered. The undisputed facts show that appellant could easily perform several of the jobs within the fire department without any heavy lifting or stooping; appellant was being reinstated to such a job; there were other members currently employed on light duty status; appellant was employed full time in an automotive garage which job required no heavy lifting or stooping.

On the re-examination of appellant the appellees' duty was as follows:

> "After any member of such fire force shall have been retired upon pension by reason of disability, the board of trustees shall have the right, at any time, to cause *such retired member* again to be brought before it, and again be examined by competent physicians or surgeons, and shall also have the right to examine other witnesses for the purpose of discovering whether *such disability* yet continues, and whether such retired member should be continued on the pension; but he shall remain upon the pension roll until placed back in active service of the fire department, except in cases of dismissal or resignation." (Emphasis added.) § 48-6531, *supra*.

The disability referred to is that found to exist under § 48-6527, *supra*, which says:

> "(a) If any member of the fire force of any such city, town, township or county becomes 65 years of age or is found, upon examination, by a medical officer, to be physically or mentally disabled, so as to render necessary his *retirement from all service on the force*, the chief of the fire force shall retire such person, and the board of trustees shall authorize the payment to such person, monthly from the pension fund the same [as] prescribed in section 11 of this act." (Emphasis added.)

Therefore, the statute contemplates that the appellees may reinstate a retired member if he is no longer disabled from "all service". It is undisputed that appellant was not disabled from all service and, therefore, the board acted within their authority.

Of course, we would have a different question here if the restriction to light duty status precluded the man from gaining normal advancements in rank and pay accessible to him if he were on normal duty status.

Judgment of trial court affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 533.