WALTER SCHWEIZER, MARTIN LUEPKE, EDWIN BICKNESE, ALLAN PLASTERER, JOSEPH D. SIMMERS, LEWIS HENDRICKS, FOR AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, WALTER ROEMKE, GILBERT A. HEIM, PAUL E. GOODWIN, WALTER HALLER, THURMAN E. LEES, CECIL BLAIN, AS MEMBERS OF AND CONSTITUTING A MAJORITY OF THE MEMBERS OF THE BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF FORT WAYNE, INDIANA *v.* CITY OF FORT WAYNE.

[No. 3-474A70. Filed August 4, 1975. Rehearing denied September 19, 1975. Transfer denied June 21, 1976.]

*Norbert L. Wyss, Thomas L. Ryan,* of Fort Wayne, for appellants.

*David B. Keller,* City Attorney, of Fort Wayne, for appellees.

STATON, P.J.—A 1971 Amendment to the Firemen's Pension Fund Act, IC 1971, 19-1-37-14, Ind. Ann. Stat. § 48-6528 (Burns Supp. 1974), changed the percentage of the basic salary to be received by firemen upon retirement from sixty percent to seventy-four percent. When the Secretary of the Firemen's Pension Fund submitted a purchase voucher for the additional pension percentage which included pre-1971 retirees, the Controller of the City of Fort Wayne denied the purchase voucher.

Schweizer, a retired fireman, and others brought a declaratory action to determine their rights to the additional percentage of base salary under the 1971 Amendment. After oral argument upon Schweizer's motion for judgment on the pleadings, the trial court found the factual allegations of the complaint true, but it further found as a matter of law that judgment should be entered for the City of Fort Wayne. Schweizer's appeal to this Court presents this sole issue:

> Were the firemen who had retired prior to the 1971 Amendment entitled to the additional pension benefits under IC 1971, 19-1-37-14, Ind. Ann. Stat. § 48-6528 (Burns Supp. 1974)?

We conclude that the Indiana Legislature intended to include retired firemen in its 1971 Amendment. We reverse the trial court's judgment.

The question of intent is: Who is to benefit from the 1971 Amendment? We are not concerned with what benefits are to be received. The only change made by the 1971 Amendment was the percentage of a first class fireman's salary to be received. The statute amended was originally enacted by the 1937 Legislature as *Burns Ind. Ann. Stat.* § 48-6528. The original statute reads as follows:

"(b) Any member of any such paid fire force who has been in such service twenty-five [25] years and has attained the age of fifty [50] years, upon making written application to the chief of such fire force, may, at his own option, without medical examination or disability, be retired from all service on such fire force, and, on such retirement, the board of trustees shall authorize the payment to such retired member of a sum equal to fifty-five per cent [55%] of the monthly wage received by a fully paid first class fireman in such city at the time of the payment of such pension. The pension of the dependents of such retired members shall be the same in case of death after retirement as is provided for dependents of those who die in the service, or after retirement with disability." [Acts 1937, ch. 31, § 11, p. 156.]

In 1967, this original statute was amended as to what benefits were to be received. The 1967 Amendment reduced years of service for eligibility from twenty-five to twenty years and the age requirement of fifty years was deleted. It further reduced the pension benefits to fifty percent of a first class fireman's monthly salary but permitted the retired fireman to receive an additional two percent for each year of service over twenty years up to sixty percent.

The 1967 Amendment also included a "who" amendment—"Section 11" which reads as follows:

"The provisions of this act in relation to firemen's pension fund shall apply to all persons receiving pensions from the firemen's pension fund of any such city, town, township or county who have been placed on such pension roll under any former law or laws, and in any application for pension now pending before any such board of trustees, the board herein created shall place such dependents in the class of pensioners as provided in the last two sections." (Sec. 11 of Acts 1967, ch. 208, IC 1971, 19-1-37-28).

The expressed intent of the above provision is to avoid the creation of two classes of retirees. A further manifestation of this legislative policy is exhibited in earlier legislation. The 1905 Act which was amended in 1925 and was replaced by the original 1937 Act, previously discussed, reads as follows:

"The provisions of this act in relation to firemen's pension fund shall apply to all persons receiving pensions from the firemen's pension fund of any such city who have been placed on such pension roll under any former law or laws, and in any application for pension now pending before any such board of trustees, the board herein created may, in its discretion, place such dependents in the class of pensioners as provided in the last two sections." [Acts 1905, ch. 129, § 189, p. 219; 1925, ch. 16, § 4, p. 26].

Section 11 expressly states the intent of the Indiana Legislature as to who shall benefit from the 1971 Amendment— ". . . all persons receiving pensions from the firemen's pension fund. . . ." Section 11 was not expressly or impliedly repealed.[1]

We reverse the trial court's judgment with instructions to vacate its judgment and enter judgment for Walter Schweizer, et al.

Garrard and Hoffman, JJ., concur.

NOTE.—Reported at 332 N.E.2d 119.

---

1. The City cites *State ex rel. Spangler* v. *Board of Trustees of Firemen's Pension Fund* (1963), 244 Ind. 592, 194 N.E.2d 730, as supportive of its contention that Schweizer was not a member of the ". . . paid fire force. . . ." This case is not applicable for several reasons: 1) it is a 1963 case which was handed down four years before the 1967 Amendment which added Section 11 to the 1937 Act; 2) Spangler's retirement was a disability retirement—not a voluntary retirement; 3) Mrs. Spangler was not married to Mr. Spangler at the time he retired disabled which was required by statute in order for Mrs. Spangler to receive retirement benefits.
*Jensen* v. *Pritchard* (1950), 120 Ind. App. 439, 90 N.E.2d 518, 91 N.E. 2d 846, does not support the additional obligation argument of the City since *Jensen* dealt with an annuity. A pension is involved here. See *Raines* v. *Board of Trustee Pen. Fund* (1937), 365 Ill. 610, 7 N.E.2d 489. The vested interest argument of the City is not applicable. *Ballard* v. *Board of Trustees of Police Pension Fund* (1975), 263 Ind. 79, 324 N.E.2d 813.