DEWEY BOBSON, [SIC], ET AL. *v.* CITY OF MISHAWAKA ET AL.

[No. 3-677A150. Filed December 27, 1978. Rehearing denied February 1, 1979. Transfer denied May 30, 1979.]

*Roland Obenchain*, of South Bend, for appellants.

*R. Wyatt Mick, Jr.*, of Mishawaka, for appellee-City of Mishawaka, *James J. Olson*, of Mishawaka, for appellee-Board of Trustees of Firemen's Pension Fund of Mishawaka.

STATON, J.—While receiving disability retirement from the City of Mishawaka, plaintiff Fred G. Fechner, a disabled retired fireman, applied for voluntary retirement under IC 1971, 19-1-37-14, Ind.Ann.Stat. § 48-6528 (Burns Code Ed.). The trial court entered summary judgment for the City of Mishawaka, et al. Fechner appeals.[1]

We find that Fechner was entitled to receive voluntary retirement. We reverse.

The question we are presented with is a matter of law: is a retiree on disability, who also qualified for voluntary retirement, eligible to apply later for voluntary retirement.

In rendering summary judgment on the matter, the trial court issued the following findings of fact and conclusions of law:

### "FINDINGS OF FACT

"1. That all facts are stipulated to, and no dispute or controversy exists as to any material facts, and that, therefore, there is no genuine issue of fact extant in this cause, thus making resolution of this action possible through summary judgment.

---

1. Plaintiff, Dewey Bobson, who also applied for a change in status from disability to voluntary retirement, does not join in this appeal.

"2. That plaintiff Fechner was born on December 30, 1900, and plaintiff Bobson was born on June 22, 1898.

"3. That plaintiff Fechner requested and received disability retirement on February 15, 1960, and that plaintiff Bobson accepted disability retirement on June 1, 1956.

"4. That on the date of disability retirement plaintiff Fechner was 59 years of age and he had 25 years of service on the fire department; that on the date of disability retirement plaintiff Bobson was 57 years of age and had 27 years of service on the fire department.

"5. That on December 15, 1975, when both plaintiffs made application to be transferred to the voluntarily retired list, plaintiff Fechner was 74 years of age and plaintiff Bobson was 77 years of age.

"6. That the request for transfer of the plaintiffs to the voluntarily retired list was denied by the defendant Board of Trustees of Firemen's Pension Fund of Mishawaka, Indiana."

"CONCLUSIONS OF LAW

"1. That both plaintiffs at the time of retirement upon a disability basis could have opted for voluntary retirement, inasmuch as each plaintiff had fulfilled the requisite number of years of service and each had attained the minimum age for voluntary retirement.

"2. That plaintiffs chose the disability retirement because of certain erstwhile tax advantages.

"3. That a disabled retiree subject to being recalled to active duty has the option to be permanently retired if he has fulfilled all requirements for such permanent retirement.

"4. That the plaintiffs, because of their age, were no longer subject to recall to active duty and therefore had no option to alter or transfer their retirement after attaining the age of 65.

"5. Summary Judgment is therefore granted in favor of the defendants and against the plaintiffs, that plaintiffs take nothing by their complaint and that plaintiffs are not to be admitted to the list of voluntarily retired firemen."

On appeal, Fechner contends that he was entitled to voluntary retire-

ment at any time after meeting the statutory requirements. He points out that IC 1971, 19-1-37-14 contains no time limit for making application for voluntary retirement.

The City claims that Fechner, who chose disability retirement in 1960, was precluded from changing his status to voluntary retirement after he reached age 65. The City also claims that Fechner by his inaction for fifteen years waived his right to the change, and that Fechner is prevented from seeking relief due to the operation of estoppel and laches.

We are of the opinion that the statute does not proscribe Fechner's privilege to apply for voluntary retirement.

At the time of Fechner's retirement in 1960, firemen, who retired with a disability received the same pension amount, that is, 55% of the wages of a working fireman, as those who retired voluntarily. In 1967, the Indiana Legislature revised the statute and changed the amount of pension a voluntarily-retired fireman could receive. The statute was revised again in 1971 to raise the maximum pension amount.

IC 1971, 19-1-37-14 contains the following language:

"(a) The sum which shall be paid to permanently disabled members . . . shall be as follows: Upon retirement with such disability during service, a member shall receive in monthly installments an amount equal to fifty-five per cent [55%] of the monthly wage received by a fully paid first-class fireman in such city at the time of the payment of such pension; . . .

"(b) Any member of any such paid fire force who has been in such service twenty [20] years, upon making written application to the chief of such fire force, may, at his own option, without medical examination or disability, be retired from all service on such fire force, and on such retirement, the board of trustees shall authorize the payment to such retired member of a sum equal to fifty per cent [50%] of the monthly wage received by a fully paid first-class fireman in such city, town, township or county at the time of the payment of such pension plus two per cent [2%] of such fully paid first-class fireman's salary for each year of service of such retired member over twenty [20] years: Provided, That such pension shall not exceed in any year an amount greater than seventy-four per cent [74%] of the salary of a fully paid first class fireman. The pension of the dependents of such retired members shall be

the same in case of death after the retirement as is provided for dependents of those who die in the service or after retirement with disability.

"(c) Any member who may be discharged from the fire force after having served not less than twenty [20] years shall receive an amount equal to that as if he retired at his own volition. In the event of the death of any such member after retirement, if he leaves a widow or dependent child or children, they shall receive the amount provided for the dependents of those who have died in the service of the fire force.

"(d) All pensions in any class shall be considered to be on an equal basis. In no case shall the board of trustees depart from the provisions of this act [19-1-37-1 — 19-1-37-28] in authorizing the payment of such pensions."

The Court of Appeals determined that the Legislature intended to confer the additional pension benefits upon firemen who had retired prior to the amendments. *Schweizer v. City of Fort Wayne* (1975), 165 Ind.App. 281, 332 N.E.2d 119.

If Fechner had taken voluntary retirement in 1960, he would have been automatically eligible for benefits calculated under the amended formula. In light of his 25 years of service, his pension amount would have increased.

However, Fechner chose to retire as a disabled fireman. Under IC 1971, 19-1-37-17, Ind.Ann. Stat. § 48-6531 (Burns Code Ed.), he was subject to recall to active duty in the event his disability ended. As the trial court noted in its conclusions of law, a disabled retiree subject to recall clearly has the option to become permanently retired if he meets the requirements of voluntary retirement. The trial court indicated that in Fechner's case, however, since he was over 65 and no longer subject to recall, he was not eligible to change his retirement status after reaching age 65.

We do not feel the trial court was warranted in making such a distinction. The Fireman's Pension Fund Act expressly applies to benefit all persons receiving pensions from the fund. IC 1971, 19-1-37-28; *Schweizer, supra,* 332 N.E.2d 119. Fechner satisfied all the requirements for voluntary retirement and was entitled to the increased benefits upon his application for voluntary retirement.

The statute contained no deadline upon Fechner's right to apply for voluntary retirement. This court will not imply such a deadline, particularly in light of our previous expressions favoring a liberal construction of pension laws in favor of those intended to be benfited thereby. *Schock v. Chappell* (1952), 231 Ind. 480, 109 N.E.2d 423; *State v. Kern* (1939), 215 Ind. 515, 20 N.E.2d 514.

The trial court erred as a matter of law in concluding that Fechner had no option to change his retirement status to voluntary retirement. We reverse the trial court's summary judgment for the City and remand to the trial court with instructions to enter judgment for Fechner, whose right to a pension as a voluntary retiree began to accrue as of his date of application for voluntary retirement.

Reversed and remanded.

Garrard, P.J. and Hoffman, J., concur.

NOTE—Reported at 383 N.E.2d 484.