**GARY FIRE PENSION BOARD,**
**Appellant (Defendant Below),**

v.

**STATE of Indiana on Relation of Frank TRAVLINE, Alphonso Berry, and Gary Firefighters Association Local 359, Appellees (Plaintiffs Below),**

**Richard Gordon Hatcher, Rixie H. McCarroll, Henry Coleman, Charles Ruckman, Carl Abel, and City of Gary, Indiana, Appellees (Defendants Below).**

No. 3-678A137.

Court of Appeals of Indiana,
Third District.

March 20, 1979.

———————

Jack G. Willard, Merrillville, for appellant.

Hilbert L. Bradley, Gary, for appellees Frank Travline, Alphonso Berry, and Gary Firefighters Association, Local 359.

Charles A. Ruckman, Gary, for appellees Richard Gordon Hatcher, Rixie H. McCarroll, Henry Coleman, Carl Abel and City of Gary, Indiana.

HOFFMAN, Judge.

The relators, Frank Travline, Alphonso Berry and the Gary Firefighters Association, brought this suit against Richard Gordon Hatcher, Rixie H. McCarroll, Henry Coleman, Charles Ruckman, Carl Abel, Albert Jenkins, the Gary Fire Pension Board and the City of Gary, Indiana seeking a declaratory judgment establishing the right of firefighters to be placed on "temporary disability." In addition, Travline sought reinstatement as a firefighter and damages, and Berry sought damages. From a judgment in favor of relators, the Gary Fire Pension Board (the Board) appeals.

The procedure by which a disabled member of the fire force is retired upon a pension is governed by the following provisions:

"(a) If any member of the fire force of any such city, town, township or county becomes 65 years of age or is found, upon examination, by a medical officer, to be physically or mentally disabled, so as to render necessary his retirement from all service on the force, the chief of the fire force shall retire such person, and the board of trustees shall authorize the payment to such person, monthly from the pension fund the same as prescribed in section 11 [fourteen] [19–1–37–14], of this chapter. All physical and mental examinations of members of the fire force as herein provided shall be made on order of the chief of the fire force by a medical officer designated by the board of trustees of the firemen's pension fund.

IC 1971, 19–1–37–13(a) (1978 Burns Supp.)

"After any member of such fire force shall have been retired upon pension by reason of disability, the board of trustees shall have the right, at any time, to cause such retired member again to be brought before it, and again be examined by competent physicians or surgeons, and shall also have the right to examine other witnesses for the purpose of discovering whether such disability yet continues, and whether such retired member should be continued on the pension roll; but he shall remain upon the pension roll until placed back in active service of the fire department, except in cases of dismissal or resignation. Such retired member shall be entitled to notice and to be present at the hearing of any such evidence, shall be permitted to propound any question pertinent or relevant to such matter, and shall also have the right to introduce evidence on his own behalf. All witnesses so produced shall be examined under oath, and any member of such board of trustees is hereby authorized to administer such oaths to such witnesses. The decision of such board shall be final, and no appeal shall be allowed therefrom, nor shall the same be reviewable by any court or other authority. If any such retired member is found, upon examination, to be physically able to be placed back in active service of the fire department, the board of trustees shall certify the name of such person, and the fact that he has been found physically able to be placed back in active service, to the board of safety, or other appointing authority, and such person shall be placed back in active service, by the appointing authority, as soon as the first vacancy in the fire force occurs thereafter."

IC 1971, 19–1–37–17 (Burns Code Ed.)

Thus, it appears that when a medical officer of the Board determines that a member of the force is physically or mentally disabled to such a degree that he is incapable of performing any service on the force, that member shall be retired and shall be paid a

pension. Any member so retired is subject to being placed back in active service under the terms of IC 1971, 19–1–37–17, *supra. State ex rel. Russel v. Michaw* (1971), 256 Ind. 459, at 462, 269 N.E.2d 533, at 534–535.

Under the statutory scheme then, a member of the fire force is either on active service or he is retired on a disability pension. The fact that a member's retirement may be of limited duration, i. e., that he may be recalled to active service upon his recovery, does not create a third status of "temporary disability." Rather, a member who is retired remains in that status and continues to receive his pension until he is placed on active service pursuant to IC 1971, 19–1–37–17, *supra.*

Although Berry and Travline would have this Court consider their claims together, it is necessary to examine the facts surrounding those claims on an individual basis in order to properly apply the above statutory principles. The facts set out in each case were stipulated to by the parties in the court below.

On October 4, 1976, Berry reported off sick from his assigned station. Two fire department physicians examined him on November 18 and December 7, 1976, and, as part of their report, authorized a continuation of sick leave. After another examination, made January 3, 1977, Berry was granted a further extension of sick leave.

On January 24, 1977, the department physician determined that Berry was totally disabled and recommended that he be retired. However, the Board's physician, Dr. Bills, reported to the fire chief that Berry was capable of returning to clerical work or other light duty. Nonetheless, the chief, by letter dated January 26, 1977, removed Berry from the active roster effective February 1, 1977.

On February 11, 1977, Bills filed a second report which stated that Berry was able to return to full duty. The Board then declined to authorize a pension for Berry at its February 23, 1977 meeting.

These facts establish that, under the terms of IC 1971, 19–1–37–13, *supra*, Berry

should not have been retired due to disability. At no time was there a finding *by the Board's physician* that he was disabled "so as to render necessary his retirement from all service on the force." Dr. Bills' determination that Berry was capable of clerical or other work rendered the chief powerless to place him on retirement due to disability. *Compare: State ex rel. Russel v. Michaw, supra.* Thus, Berry should have remained on active duty status at all times.

On December 5, 1976, Frank Travline reported off sick from his assigned station. The fire department doctor examined him on two occasions, and on the second occasion, January 28, 1977, authorized additional sick leave.

By letter dated February 25, 1977, the chief notified Travline that his sick leave was about to expire and informed him that he would have to be examined by Dr. Bills in order to receive a disability pension. Dr. Bills examined Travline and, on March 4, 1977, informed the chief that Travline was "totally disabled and unable to work as a fireman." Consequently, on March 7, 1977, the chief retired Travline and recommended that he be placed on disability pension.

In a subsequent report to the Board submitted March 14, 1977, Dr. Bills stated that Travline was either totally disabled or able to do only clerical or other light duties. The Board then denied Travline's request for a pension, yet the chief did not place him on active service of any kind.

By the terms of IC 1971, 19–1–37–13, *supra*, Travline was properly retired on March 7 pursuant to Dr. Bills' report finding him totally disabled. At that time it was the duty of the Board to pay him a disability pension. If it later appeared that Travline was no longer disabled from all service on the force, the Board could require him to be re-examined by designated physicians and could determine whether his disability continued. IC 1971, 19–1–37–17, *supra.* But, until Travline had properly been placed back into active service, he was entitled to receive the pension provided for by law. IC 1971, 19–1–37–17, *supra.*

For the foregoing reasons the judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.