154

SIMMONS COMPANY *v.* REVIEW BOARD OF THE INDIANA
EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,197. Filed April 21, 1965.]

Richard P. Tinkham, Daniel F. Kelly, Palmer C. Singleton, Jr., and Tinkham, Beckman, Kelly and Singleton, of counsel, all of Hammond, for appellant.

Edwin K. Steers, Attorney General, and Keith Campbell and William C. Haase, Jr., Deputy Attorneys General, for appellee, Review Board of Indiana Employment Security Division.

FAULCONER, C. J.—Appellee Review Board of the Indiana Employment Security Division has found that appellee-claimant, Mary L. Bernard, did not voluntarily leave her employment without good cause and was discharged on October 23, 1963, but not for misconduct in connection with her work. From this decision appellant-employer, Simmons Company, has appealed, assigning as error that the decision is contrary to law.

Such findings by the Review Board are ultimate findings of fact, *Decker* v. *Review Bd. of Ind. Emp. Sec. Div.* (1963), 134 Ind. App. 164, 167, 186 N. E. 2d 890; *Dormeyer Industries* v. *Review Board, etc.* (1962), 133 Ind. App. 500, 507, 509, 183 N. E. 2d 351; *Nordhoff* v. *Review Board, etc., et al.* (1959), 130 Ind. App. 172, 182, 162 N. E. 2d 717, which are binding upon, and cannot be disturbed by, this court unless reasonable men would be bound to reach a contrary conclusion on the evidence in the record. *Achenbach* v. *Review Bd. of Ind. Emp. Sec. Div.* (1962), 242 Ind. 655, 660, 179 N. E. 2d 873; *Ogilvie* v. *Review Bd. of Ind. Emp. Sec. Div.* (1962), 133 Ind. App. 664, 673, 674, 184 N. E. 2d 817; *Dormeyer Industries* v. *Review Board, etc., supra,* at p. 509 of 133 Ind. App.; *Dawe* v. *Review Board of Ind. Emp. Sec. Div.* (1961), 132 Ind. App. 371, 377, 177 N. E. 2d 472; *National Furn. Mfg. Co.* v. *Review*

*Board, etc.* (1960), 131 Ind. App. 260, 268, 170 N. E. 2d 381.

In determining whether the decision of the Review Board is contrary to law, we may review only that evidence most favorable to the decision of the Board. *Decker* v. *Review Bd. of Ind. Emp. Sec. Div., supra,* at page 168 of 134 Ind. App.; *National Furn. Mfg. Co.* v. *Review Board, etc., supra,* at page 268 of 131 Ind. App.

Such evidence reveals the following facts:

Appellee-Bernard was employed by appellant as an assembler torch welder from January 11, 1961, to October 23, 1963. On the latter date she was discharged by appellant pursuant to written request by the business representative of Local 185, Mattress, Spring and Bedding Workers' Union AFL-CIO, of which local union appellee-Bernard was a member. The discharge resulted from an alleged violation by appellee-Bernard of the agency shop provision of the collective bargaining agreement between the parent union, Upholsterers' International Union of North America, and appellant, Simmons Company. Section 1.10(c) and 1.10(d) of such contract read as follows:

"(c) In accordance with the policy set forth under subparagraphs (a) and (b) of this Section, all employees shall, as a condition of continued employment, pay to the Union, the employees' exclusive collective bargaining representative, an amount of money equal to that paid by other employees in the bargaining unit who are members of the Union, which shall be limited to an amount of money equal to the Union's regular and usual initiation fees, and its regular and usual dues. For existing employees, such payments shall commence thirty (30) days following the date of execution of this Agreement and for new employees, the payments shall start

forty-five (45) days following the date of employment.

"(d) The Union agrees to indemnify the Company and hold the Company harmless from any final determination of liability to any employee by reason of the discharge of such employee if such discharge was caused or effected by a request of the Union, as provided for in the preceding paragraphs of this contract."

Such an agency shop provision is valid in Indiana: *Meade Electric Co. v. Hagberg* (1959), 129 Ind. App. 631, 642, 159 N. E. 2d 408.

Under a prior contract, appellee-Bernard had, on February 3, 1961, executed a written authorization for deduction of initiation fees and dues from her wages, and, such deductions had been made regularly by appellant. The court is without the benefit of the terms of the prior contract which expired on or about March 26, 1962. A dispute arose concerning dues the local union contended Mrs. Bernard owed for the period she was on sick leave from February 16, 1962, until October 1, 1962. The union claimed the amount due was $31.00. Appellee-Bernard testified that she offered "under the agency shop clause to pay the five (5) weeks' difference from the time I returned to work and the effective date of the contract, which was refused."

There is no evidence in the record of the union's "regular and usual initiation fees, and its regular and usual dues", required of all employees as a condition of continued employment under the above-quoted agency shop clause. There is no evidence before us of the union laws concerning payment of dues during illness or a leave of absence from employment. There is thus no way in which this court may calculate the appropriate amount, if any, that was owing.

Under the agency shop clause, appellee-Bernard's ob-

ligation as an existing employee to pay regular and usual initiation fees and dues commenced thirty days following execution of the agreement. The agreement recites that it was "made" the 20th day of July, 1962, "by and between Simmons Company . . . and the Upholsterers' International Union of North America, . . . acting through its agent the Mattress, Spring and Bedding Workers' Local Union No. 185 . . . ." The agreement was countersigned by an authorized officer of Upholsterers' International Union of North America, AFL-CIO, on July 24, 1962. There is no evidence of the laws of the International Union or other facts showing the intent of the parties as to whether the International Union was to be bound by the act of its agent, the local union, on July 20, 1962, when the agreement was signed by officers of the local union, or whether the date of execution was intended to be July 24, 1962, the date it was countersigned by an authorized officer of the International. Union. Thirty days from the latter date was August 23, 1962. Five full weeks fall in the period from the last mentioned date to October 1, 1962, when appellee-Bernard returned to work and deductions from her wages for dues were resumed. Thus, the evidence most favorable to the decision, and reasonable inferences to be drawn therefrom, would support a finding that appellee-Bernard acted in good faith when she offered "to pay the five (5) weeks' difference from the time I returned to work and the effective date [date of execution] of the contract" in an attempt to meet the requirements of the agency-shop clause.

Appellant has cited to us as its additional authority

the decision of the National Labor Relations Board (NLRB) on a complaint filed by appellee-Bernard against appellant and the local union, wherein the NLRB held that the union and appellant had not been guilty of an unfair labor practice under §§8(a) (1), 8(a) (3), 8(b) (1) (A) and 8(b) (2) of the National Labor Relations Act, 49 Stat. 449, et seq., 29 U.S.C.A. §§151, et seq. *Local 185, Mattress, Spring & Bedding, Workers' Union, AFL-CIO (Simmons Company) and Mary L. Bernard* (1964), 150 N.L.R.B. No. 61, 1964 CCH NLRB, par. 13695. Whether the acts of appellant and the local union constituted unfair labor practices under the National Labor Relations Act, *supra,* can have no persuasion upon this court in determining whether the acts of appellee-Bernard constituted industrial misconduct or amounted to voluntarily leaving her employment without good cause. A finding by the NLRB of no unfair labor practice by an employer and union is not necessarily inconsistent with a finding by the Review Board of nonviolation by the affected employee of §1501 of the Indiana Employment Security Act. Acts 1957, ch. 261, §1, p. 615, §52-1539, Burns' 1964 Cum. Supp.

As found by the Review Board herein, appellee-Bernard had authorized deductions of initiation fees and dues from her wages and by the language of that written authorization she was bound by the amount certified by the designated union officer. Had the union certified to appellant a sum of $31.00 due and owing by appellee-Bernard, she would have been bound thereby; the deduction would have been made; appellee-Bernard would have had to resolve any dispute arising therefrom with the union and her discharge would not have been requested nor effected.

We conclude that the ultimate findings of fact by the Review Board are sustained by the evidence and that

reasonable men would not be bound to reach a contrary conclusion on the evidence in the record.

The decision of the Review Board is, therefore, affirmed.

Carson, Martin and Prime, JJ. concur.

NOTE.—Reported in 206 N. E. 2d 148.