TIMOTHY E. SKIRVIN *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 2-1175A332. Filed October 12, 1976. Rehearing denied November 23, 1976. Transfer denied April 15, 1977.]

*Charles E. Waggoner,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles W. Vincent,* Deputy Attorney General, for appellee.

HOFFMAN, J.—This review comes to us from a decision of the Review Board of the Indiana Employment Security Division in favor of appellee Wake Up Oil Company, Inc. (Wake Up) affirming the decision of the liability referee that Skirvin was not entitled to benefit rights because he had been discharged from his employment with Wake Up for gross misconduct.

The operative facts are as follows:

On September 10, 1974, Skirvin was employed by Wake Up as station manager of station #-105 located in Kokomo, Indiana. He had been employed in that position for approximately one year. On such date Ralph Metcalf, a vice-president of Wake Up, dispatched Dennis Wiseman, a district supervisor, to station #-105 to investigate a late daily bank deposit. Upon arrival at the station, Wiseman and an assistant conducted an audit of station #-105, and discovered that the station receipts were "short" $1,747.72. Wiseman immediately confronted Skirvin with the results of the audit, and Skirvin admitted that he had taken part of the missing receipts.[1] Skirvin was the only employee at station #-105, other than senior company officials, who had access to a sum of money as large as $1,747.72. On September 11, 1974, Wiseman notified the Kokomo Police Department regarding the shortage, and an officer was dispatched to station #-105. Skirvin was taken to the Kokomo Police Department for questioning, and on or about September 11, 1974, was charged with theft in the Howard Superior Court. The charge was subsequently dismissed by that court on January 14, 1975.

The statute upon which the Board based the denial of benefits, IC 1971, 22-4-15-6 (Burns Code Ed.), reads as follows:

"Discharge for gross misconduct—'Gross misconduct' defined—Benefits held in abeyance.—Notwithstanding any other provisions of this article [22-4-1-1—22-4-38-3], no

1. At the hearing before the referee, Skirvin denied making an admission. However, the referee specifically resolved this conflict in the evidence in favor of the employer.

benefit rights shall accrue nor shall any benefits be payable to any individual based upon wages earned from any employer prior to the day upon which such individual was discharged for gross misconduct in connection with work. 'Gross misconduct' is defined to include but is not limited to: assault or threatened assault upon supervisors or coworkers in connection with work; dishonesty, arson, sabotage, or other offense constituting a misdemeanor or felony under the statutes of the state of Indiana and committed in connection with work: Provided, however, such dishonesty, arson, sabotage, or other offense constituting a misdemeanor or felony is admitted by such individual or has resulted in a conviction in a court of competent jurisdiction and benefits shall be held in abeyance pending the result of the legal proceedings."

The first issue to be considered is the interpretation of the term "admitted" as that term is used in IC 1971, 22-4-15-6, *supra.* Skirvin contends that "the standard for an admission is that of a judicial admission—one made on the record, either in a criminal court with jurisdiction or in the proceedings before the Unemployment [sic] Security Division itself."

We cannot accept appellant's argument. In construing legislation, this court must reasonably interpret the statutory language to discover the legislative intent and goal. *Pryor* v. *State* (1973), 260 Ind. 408, 296 N.E.2d 125. It cannot be presumed that the Legislature intended an absurd or illogical application of a statute. *Pryor* v. *State, supra; Marks* v. *State* (1942), 220 Ind. 9, 40 N.E. 2d 108.

Skirvin's contention, insofar as it calls for an admission during proceedings before the Employment Security Division, presumes a hearing conducted by a referee or the full Review Board. Before a claimant or an employer would have cause to request a hearing pursuant to the appellate procedures of the Indiana Employment Security Act, IC 1971, 22-4-1-1—22-4-38-3 (Burns Code Ed.), a claim for unemployment benefits must be filed by an

employee-claimant and acted upon by the Employment Security Division. Therefore, Skirvin's proposed procedure would place the employee-claimant in the curious position of filing a claim for the sole purpose of subsequently admitting dishonesty so that his claim could be denied. The illogicality of such procedure is apparent, and we do not believe the Legislature intended such an application of IC 1971, 22-4-15-6, *supra.*

We believe that the term "admitted" as used in IC 1971, 22-4-15-6, *supra,* contemplates an unequivocal written or verbal acknowledgment by the employee that he perpetrated the act or acts alleged to constitute "gross misconduct." Where, as here, the employee recants his admission, the question of whether the employee actually admitted the "gross misconduct" should be decided as a question of fact within the framework of the fact-finding procedures delineated in the Indiana Employment Security Act.

The next issue to be considered is whether the Board's finding that appellant admitted "gross misconduct" was supported by substantial evidence of probative value.

Skirvin contends that "[t]he mere allegation of the employer that the employee admitted appropriating monies of the employer for his own use, without any supporting evidence, does not consist of substantial evidence as required by the law of Indiana."

The findings and conclusions of the Review Board are as follows:

"FINDINGS AND CONCLUSIONS: The Review Board finds that the claimant herein was discharged by his employer on September 11, 1974.
"It further finds that the claimant was discharged for allegedly taking company monies for his own use.
"It further finds that the referee in his original decision held that the claimant admitted his misconduct to his supervisor.

"The Review Board concludes that the employer herein has sustained its burden of proof in showing that claimant was discharged for gross misconduct in connection with his work.

"DECISION: The decision of the referee in Case No. 74-A-4134 is hereby affirmed this 15 day of September, 1975."

Before reviewing the evidence to support the Review Board's denial of benefits, we would point out that it is the general rule that the Review Board's decision as to all questions of fact is conclusive and binding on this court. IC 1971, 22-4-17-12, *supra; Achenbach* v. *Review Bd. of Ind. Emp. Sec. Div.* (1962), 242 Ind. 655, 179 N.E.2d 873; *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N.E.2d 500. On appeal, we will not disturb the decision of the Review Board unless reasonable men would be bound to reach a different conclusion on the evidence in the record. *Achenbach* v. *Review Bd. of Ind. Emp. Sec. Div., supra; Gardner* v. *Review Board of Indiana Emp. Sec. Div.* (1974), 162 Ind. App. 125, 318 N.E.2d 361; *Nordhoff* v. *Review Board, etc., et al.* (1959), 130 Ind. App. 172, 162 N.E.2d 717. In reviewing the evidence to support the Review Board's determination, we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision. *Lewis* v. *Rev. Bd.* (1972), 152 Ind. App. 187, 282 N.E.2d 876; *White* v. *Review Board of Indiana, etc., supra.*

The evidence in the record before us in the instant case viewed most favorably to the Review Board's decision reveals that Dennis Wiseman, a district supervisor for the employer, audited the station of which Skirvin was manager and found the station's cash receipts to be "short" $1,747.72. Immediately upon discovering the shortage, Wiseman confronted Skirvin, and Skirvin admitted taking part of the missing receipts.

The question of whether Skirvin admitted the gross misconduct is a question of fact. The Review Board resolved that question in favor of the employer, Wake Up Oil Company, Inc. We cannot say that reasonable men would be bound to reach a different conclusion. The decision of the Review Board is affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 355 N.E.2d 425.