STATE OF INDIANA EX REL. ROBERT A. O'NEAL *v*. DAVIS CROS, JAMES THEOBALD, GEORGE LEWALLEN, JOHN SHETTLE, ROY STEBBING, JR., E. WILLIAM SCHILLING, AS MEMBERS OF THE PENSION ADVISORY BOARD

OF INDIANA STATE POLICE PENSION AND BENEFIT FUND, JACK NEW, AS TRUSTEE OF INDIANA STATE POLICE PENSION FUND, JOHN A. KENDALL, NORMAN REEVES, E. WILLIAM SCHILLING, JOHN R. ZENTZ, GARTH WHIPPLE, DAVID J. ALLEN, AS MEMBERS OF THE INDIANA STATE POLICE BOARD

[No. 1-777A146. Filed July 6, 1978. Rehearing denied August 29, 1978. Transfer denied January 20, 1979.]

*David W. Mernitz, David W. Gray, Dutton, Kappes & Overman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *David A. Arthur,* Deputy Attorney General, for appellees.

LYBROOK, P.J.—Robert A. O'Neal, plaintiff-appellant, brings this appeal following entry of judgment in favor of defendants-appellees (hereinafter referred to as Pension Board).

The facts are uncontroverted. The judgment was entered based on the pleadings, a stipulation of facts and trial briefs submitted by each

litigant. No evidentiary proceeding was held. The stipulated facts of relevance show that O'Neal was an employee of the Indiana State Police from April, 1934, until March, 1953. Upon leaving that employment he received a pension of $106.16 per month until January, 1965. At that time O'Neal rejoined the Indiana State Police as Superintendent and remained in that capacity until August, 1968. During the second period he continued to receive the pension but assigned each check to the Treasurer of the State as Trustee for the Indiana State Police Pension Fund. During the second employment, retirement contributions were withheld from O'Neal's salary. Both the salary deductions and the pension payments were returned to O'Neal when he left the State Police for the second time. O'Neal has been, and is currently, receiving a pension of $106.16 based solely on his original period of employment. O'Neal asserts that he stands ready to repay the funds he received upon his second retirement and asserts that he accepted them only after being informed that he could not receive a pension based on his combined periods of employment.

On the above facts, O'Neal presents two issues for our review:

(1)   Does the Indiana State Police Pension Board have the authority to promulgate an administrative rule or regulation which requires twenty years of *continuous* service for eligibility for a full pension?

(2)   Does the Indiana State Police Pension Fund Trust Agreement disqualify O'Neal from receiving a full pension?

In its answer brief the Pension Board has presented an additional issue for our consideration.

(3)   Was the plaintiff's action for mandate the proper remedy to employ to seek a pension clarification?

Prior to a discussion of the merits of this case we must first resolve an additional procedural issue raised by the Pension Board. The Pension Board asserts that the absence of a judge's certificate is a fatal defect as a violation of Ind. Rules of Procedure, Appellate Rule 7.2(A)(4). We must point out that no oral testimony was taken in the instant case. The judgment was rendered on the pleadings, a written stipulation of facts and trial briefs. The purpose of the judge's certificate is to certify the transcript of the proceedings

at trial, a function formerly called a bill of exceptions. Since there was no oral testimony, and resulting transcript, in the case at bar, there is no need for a judge's certificate. See generally *Hughes v. Hughes* (1976), 171 Ind. App. 255, 356 N.E.2d 225. The record was properly certified by the Clerk of the Johnson Circuit Court and is therefore properly before this court.

## I.

The first issue for our consideration questions the propriety of the administrative rule enacted by the Pension Board which requires twenty years of continuous service.[1] The statute in question requires twenty years of service for a full pension but is silent as to any continuity requirement.[2]

O'Neal contends that the Board may not impose the continuity requirement on three separate theories:   first, that the rule is in conflict with the statute IC 1971, 10-1-2-1(h)(8); second, that the rule is out of harmony with the pension act; and third, that the rule enlarges the powers of the Board and is therefore invalid. All three theories find support in the case of *Indiana Employment Security Division v. Ponder* (1950), 121 Ind. App. 51, 92 N.E.2d 224. In that case the powers and limits of the rule making powers of administrative agencies were discussed in the terms which O'Neal wishes to apply to the case at bar.

---

1.   IC 1971, Administrative Rules and Regulations, (10-1-2-2)-2(a) states: "Payment of retirement benefits — Conditions. — (a) retirement benefits are payable to every member of the Indiana state police participating in the retirement plan who shall remain with the state police for a continuous period of at least twenty [20] years or until reaching age 50 or older. In either event the retirement income to which such person is entitled, as outlined in the trust agreement, shall be paid in the form of annuity on life annuity basis unless a joint and survivor annuity is elected by such member, as long as the person shall live."

2.   IC 1971, 10-1-2-1(h)(8) states:

"(h) The term 'pension trust' means the agreement between the department and the trustee under the terms of which an actuarially sound retirement pension plan is established and operated for the exclusive benefit of the employee beneficiaries subject to the following limitations:

* * *

(8) To be entitled to the full amount of his basic pension classification, an employee beneficiary shall have contributed at least twenty [20] years of service to the department prior to retirement, otherwise he shall receive a proportionate pension;"

While it is well established that the terms of a pension statute are to be liberally construed in favor of those to be benefited by that pension program, *Kilfoil v. Johnson* (1963), 135 Ind. App. 14, 191 N.E.2d 321, we must also look to the intent, purpose and goal for which the legislature has enacted a pension statute. *Skirvin v. Review Board of Indiana Employment Security Division* (1976), 171 Ind. App. 139, 355 N.E.2d 425; *Public Service Co., Inc. v. Knox County Elec. Corp.* (1976), 170 Ind. App. 576, 354 N.E.2d 301. Whether the questioned rule violates the authority of the Board can only be determined after ascertaining the purpose and goal of police pension programs.

An interpretation of the intent, purpose and goal of the Indiana State Police Pension Program has not previously been undertaken by the Indiana courts. However, a very similar pension program has been enacted by the Indiana Legislature for the benefit of policemen in the municipalities of this State. IC 1971, 19-1-24-1 *et seq.* On two separate occasions the Indiana Supreme Court has spoken to the intent and purpose of enacting pension programs for the benefit of law enforcement officers under that Act. In *State ex rel. Clemens v. Kern et al.* (1939), 215 Ind. 515, 20 N.E.2d 514, the Supreme Court stated:

> "The beneficent purpose of the Police Pension Fund Act is apparent. It is to improve the quality of the public service by holding out to those who adopt it as a career some assurance of a competency upon retirement because of age or disability, in the expectation that more competent persons will be attracted to such positions. The act was no doubt conceived in the same spirit as other legislation which places police officers under merit or civil service regulations and removes their tenure from the vicissitudes incident to the frequent changing of elective officers. This court has accordingly held that the law is entitled to a liberal construction in favor of those intended to be benefited thereby.
>
> * * *
>
> Notwithstanding the generous purposes of the police pension system, the Legislature took care to make the burdens placed upon the tax-paying public as light as it deemed practicable.
>
> * * *

It is upon this point that the parties disagree and the appeal is

predicated, appellant claiming that he is not barred because his tenure was interrupted by his resignation and subsequent reappointment or reinstatement. To give the act an interpretation that would permit appellant to reap its benefits by treating his reappointment as a reinstatement and his second period of service as a continuation of the first, *would do violence to its manifest purpose, which is to promote efficiency by inducing continuity of service.*" (Emphasis added.)

In *Klamm et al. v. State of Indiana ex rel. Carlson* (1955), 235 Ind. 289, 126 N.E.2d 487, the Supreme Court again spoke to the purpose of police pension statutes by stating:

"The constitutionality of statutes establishing a pension system has been sustained by our courts on the grounds that the primary object is public, not private, interest; that the annuities are in the nature of compensation for services previously rendered. *It virtually is pay withheld to induce long continued service.* Its purpose is to hold out to those who adopt such service as a career some asurance [sic] of income upon retirement because of age or disability. This is an expectation that more competent persons will be attracted to such positions." (Emphasis added.) (Citations omitted.)

While we recognize that neither of the above cases dealt directly with the Indiana State Police Pension Program, we find the analogy between the two police pension statutes to be clear. The similarity of the legislative purposes of both statutes is too compelling to disregard. The Indiana Supreme Court has determined that continuity of service is a goal of police pension acts and therefore the Board's promulgation of IC 1971, Administrative Rules and Regulations (10-1-2-2)-2(a) was merely an expression of one of the legislative purpose of enacting a police pension program. Therefore the rule is not in conflict with the statute; it is not out of harmony with the pension act; and it does not enlarge the power of the pension board. The promulgation of the continuity requirement rule was therefore within the power of Board and valid.

We feel that two other observations are appropriate and supportive of our resolution of this matter. Initially, the questioned administrative rule, IC (10-1-2-2)-2(a), was adopted and filed in 1948, approximately five years prior to O'Neal's early retirement. The State Police Pension Act has been amended and altered by the Legislature on numerous occasions during the thirty years since the promulgation of the "continui-

ty" rule. While this is not binding, it at least supplies some indication that the legislation did not find the continuity requirement to be repugnant to the statute.

Secondly, a close reading of the appropriate statute, IC 1971, 10-1-2-1(h)(8), states that the twenty years of service be prior to retirement. It in no way intimates that the pension is to be granted following a series of retirements, as O'Neal would prefer the statute to be interpreted. We therefore believe that the Pension Board's interpretation is a reasonable interpretation of the Act in question, as a continuity requirement may easily be implied from the exact wording of the statute.

We therefore affirm the judgment of the trial court as to issue I.

## II. and III.

Due to our resolution of issue I we find it unnecessary to discuss issues II and III.

The judgment of the trial court is therefore affirmed.

Affirmed.

Lowdermilk and Robertson, JJ., Concur.

NOTE — Reported at 378 N.E.2d 10.