Robert H. FIELDS, Appellant,

v.

The REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION et al., Appellee.

No. 2–1077A403.

Court of Appeals of Indiana, Second District.

Feb. 15, 1979.

William Julian, II, Mary M. Runnells, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Petitioner-appellant Robert H. Fields (Fields) appeals from a decision of the Review Board of the Indiana Employment Security Division (Board) denying him unemployment compensation benefits. He claims the Board: (1) abused its discretion and denied him due process of law by hearing the director's appeal; (2) violated federal law by denying the payments of benefits "when due"; and (3) erred in denying unemployment compensation benefits by incorrectly construing his pension payments from the federal government to be disqualifying income as provided in Ind.Code 22–4–15–4.

We affirm.

## FACTS

Because of disability, Fields retired on October 1, 1976 from employment with the federal government as district counsel for the Small Business Administration at the age of 51. Fields lives in Morgantown, Indiana, and had been employed in Indianapolis.

Upon his retirement he began receiving a monthly disability retirement pension from the federal government, Civil Service Commission, in the amount of approximately $113.53 per week.

In November 1976, Fields filed a claim for unemployment compensation with the Indiana Employment Security Division. A deputy determined Fields ineligible for unemployment benefits. His pension was held to be deductible income.

Upon the deputy's denial of benefits, Fields requested a hearing before an appeals referee for a redetermination of his claim. Fields' former employer, the Small Business Administration, did not appear at the hearing. The referee reversed the decision of the deputy and held Fields' pension

was not deductible income; therefore he was eligible for unemployment benefits.

The director of the Employment Security Division appealed the decision of the referee to the Board. At the hearing, held on April 18, 1977, Fields appeared in person with his attorney. The director of the division had requested a review of the record in lieu of appearance. The Board reversed the decision of the referee and made the following findings and conclusion:

STATEMENT OF FACTS: The record indicates that claimant was District Counsel for this employer approximately 7½ years and resigned due to a disability; that after his resignation, he received annuity-type payments which, when prorated on a weekly basis, amounted to $113.53 per week; and that said amount exceeded claimant's weekly benefit amount of $92. The claimant alleged that said payments should not be considered as deductible income since they are in the form of disability insurance benefits. However, the record establishes that said payments are annuity payments and therefore are considered as deductible income under Chapter 15–4 of the Act [Ind.Code 22–4–15–4].

FINDINGS AND CONCLUSIONS: The Review Board finds that claimant resigned from his employment due to a physical disability and thereafter began receiving a monthly pension in the form of annuity-type payments, in the amount of $113.53 per week from his former employer.

It further finds that it is claimant's contention that until he draws the monies that he has contributed to the annuity plan in the amount of $13,680, he is not receiving payments to which the employer has contributed a portion or all the money.

The Review Board concludes that the claimant is receiving annuity payments under a plan of the employer to which the employer contributes, therefore said payments are deductible income within the meaning of Chapter 15–4 of the Act.

DECISION: The decision of the referee in Case No. 77–UCFE–1 is hereby reversed this 2 day of September, 1977. It is held that claimant is receiving deductible income in the form of annuity payments in the amount of $113.53 per week and that said payments must be considered as deductible income.

Pursuant to the provisions of Ind.Code 22–4–17–11 to –12, which provides for judicial review as to errors of law, Fields is appealing the decision of the Board.

## ISSUES

Summarily stated, Fields presents three issues:

1. The Board abused its discretion and denied fields due process of law by reviewing the decision of the appeals referee.

2. Federal law has been violated because after the referee's decision favorable to Fields' claim, he should have begun receiving employment benefits and by appealing the director had unreasonably delayed payment of benefits.

3. The Board incorrectly construed Ind. Code 22–4–15–4 by treating Fields' pension payment from the federal government as disqualifying income.

PARTIES' CONTENTIONS

Fields *first contends* the procedural errors of the Board in hearing the director's appeal constituted an abuse of discretion by the Board and denied to him due process of law. He claims the appeal should have been dismissed; the director did not properly file for review in lieu of appearance and had no interest in the outcome of the appeal. Fields further argues that he did not have notice that the director would not appear and had not been able to properly prepare his defense.

The State responds that the Employment Security Board's regulations for appeal were properly followed by both the director and the Board and that the right to appeal is conferred to the director by Ind.Code 22–4–32–6.

Fields' *second contention* alleges that the appeal by the director violates federal law 42 U.S.C. § 503(a)(1) (1970) which states that unemployment compensation must be paid "when due". He argues that since the payments of the benefits became due when the referee allowed them, the director should not have been permitted to unreasonably delay the payments of these benefits by appealing to the Board.

The State responds that the director has a right to appeal and it would be a denial of the director's equal protection if the law was construed to state that only a claimant may appeal denial of benefits.

Fields' *final contention* is that his disability pension from his employer, the federal government, should not be construed as disqualifying income. He supports this contention by arguing that the money he is receiving from his pension is merely a return of his contribution to the plan and according to federal law, which controls here, the return of an employee's contribution to an annuity is not taxable. He further argues that his Fourteenth Amendment rights of equal protection of law will be violated if his pension is treated as disqualifying income because social security benefits are not construed as such.

The State responds that Fields has misconstrued the federal law and since there is no segregation of payments by the employer and the employee, Fields' pension payments consist of contributions by both. Furthermore, the State responds that the ineligibility of federal employees for social security benefits is an issue of federal law and cannot be considered as a violation of state unemployment benefits as the state's statutes are administered equally to all applicants.

## DECISION

### ISSUE ONE

CONCLUSION—The Board properly reviewed the decision of the referee.

Regulation 1004 of the Indiana Employment Security Division which governs appeals for benefits under the Indiana Employment Security Act provides in part:

The Review Board may, in its discretion, dismiss any appeal which in its judgment has been abandoned by all interested parties, and the decision from which the appeal was taken shall be deemed final unless such an appeal is reinstated as hereinafter provided.

An appealing party shall be deemed to have abandoned his appeal to the Review Board if neither the party nor his representative personally appears at the time and place fixed for the Review Board hearing; except that *in a proceeding before the Review Board to review a decision of a referee, the party appealing, or any other interested party, may, in lieu of personal appearance or representation, submit to the Review Board, not later than three (3) days prior to the date set for a hearing, his written request that the appeal be heard and decided upon the evidence in the record made before the referee.*

(Unless the Board has granted the request of either or both of the parties for leave to introduce additional evidence, no evidence will be heard by the Review Board and the parties will be heard only by way of oral argument on the record, unless the Board of its own motion decides to hear further evidence. In most cases, attorneys will be allowed time for the filing of briefs or memoranda.) (Emphasis in original)

Fields had notice of this regulation; he received a copy of Form 652 upon which Regulation 1004 is printed.

The Board acted pursuant to this regulation. The regulation pointedly states that the party appealing, in this case the director, may request review in lieu of appearance. Although Fields maintains that the record merely recites that the request was filed and therefore does not indicate that the request was properly submitted, we will construe the facts in favor of the decision of the Board. *Ervin v. Review Board of Indiana Employment Security Division* (1977), Ind.App., 364 N.E.2d 1189; *Spears v. Review Board of Indiana Employ-*

*ment Security Division* (1973), 156 Ind.App. 455, 297 N.E.2d 439; *Simmons Co. v. Review Board of Indiana Employment Security Division* (1965), 137 Ind.App. 154, 206 N.E.2d 148. So, absent a contrary showing by Fields, we must conclude the request was properly filed.

Even had the request not been properly filed, regulation 1004 provides that dismissal by the Board would have been discretionary.

Neither can Fields complain that he did not have notice that the director would not appear; the regulation clearly states that the request for review in lieu of appearance was to be submitted to the Board and makes no provision for notice to any of the other parties.

Fields' naked assertion that he was unable to prepare his case is equally meritless. The regulation plainly indicates that the issues and evidence before the Board were to be the same as presented before the referee.

Fields' final contention that the director has no right to appeal as he is not an interested party merely reflects disagreement with the statute. Ind.Code 22–4–17–3 provides that the director is an interested party and has the right to appeal the referee's decision to the Board. It states:

Unless such request for hearing is withdrawn, a referee, after affording the parties a reasonable opportunity for fair hearing, shall affirm, modify or reverse the findings of fact and decision of the deputy. The parties shall be duly notified of such decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen [15] days after the date of notification or mailing of such decision, an appeal is taken by the board or *the director* or by any party adversely affected by such decision to the review board. (Emphasis added)

## ISSUE TWO

CONCLUSION—Fields' argument that the delay in the payments of unemployment funds upon the referee's decision violated federal law 42 U.S.C. § 503(a)(1) (1970) requiring payment "when due" is of no consequence.

Ind.Code 22–4–13–1(b) provides as follows:

*Any individual who,* for any reason other than misrepresentation or nondisclosure as specified in IC 1971, 22–4–13–1(a), *has received any amount as benefits to which he is not entitled under this article* or because of the subsequent receipt of income deductible from benefits which is allocable to the week or weeks for which such benefits were paid becomes not entitled to such benefits under this article *shall be liable to repay such amount to the director* for the employment security fund or to have such amount deducted from any benefits otherwise payable to him under this article, within the three [3] year period following the date of payment to such individual of such amount, if the existence of such reason has become final by virtue of an unappealed determination of a deputy, or a decision of a referee, or the review board, or by a court of competent jurisdiction. (Emphasis added.)

As we are affirming the decision of the Board denying any benefits to Fields, we need not decide the question of whether Fields' benefits should have commenced upon the decision of the referee; any benefits received would have to be repaid to the director.

## ISSUE THREE

CONCLUSION—Fields' claim for unemployment compensation was properly denied pursuant to Ind.Code 22–4–15–4.

 The statute applicable here is Ind. Code 22–4–15–4:

An individual shall be ineligible for waiting period or benefit rights: For any week with respect to which the individual receives, is receiving, or has received payments equal to or exceeding his weekly benefit amount in the form of: (a) deductible income as defined and applied in IC 1971, 22–4–5–1 and 22–4–5–2 hereof;

(b) *any pension, retirement or annuity payments*, (but excluding therewith federal old-age, survivors and disability insurance benefits) *under any plan of an employer whereby the employer contributes a portion or all of the money* : Provided, however, That his disqualification shall apply only if some or all of the benefits otherwise payable are chargeable to the experience or reimbursable account of such employer, or would have been chargeable except for the application of IC 1971, 22–4–15 of this article.

Provided, That if such payments are less than his weekly benefit amount an otherwise eligible individual shall not be deemed ineligible and shall be entitled to receive for such week benefits reduced by the amount of such payments. (Emphasis added)

Although we find no Indiana cases specifically dealing with the subject of an individual's right to unemployment compensation while he is receiving a federal government pension, we find cases in other jurisdictions with statutes similar to Ind.Code 22–4–15–4, which consider and reject the arguments presented by Fields. We believe these cases are based on sound reasoning.

In *Rogers v. District Unemployment Compensation Board* (1972, D.C.App.), 290 A.2d 586, the claimant, a government pensioner, argued that he was entitled to unemployment compensation benefits because he was receiving a return of the capital he had contributed to the pension plan. · He cited Internal Revenue Code § 72(d) to support this contention.

The District of Columbia Court of Appeals rejected this argument and adopted the rationale of *Yeager v. Unemployment Compensation Board of Review* (1961), 196 Pa.Super. 162, 173 A.2d 802:

This provision of the Revenue Act [§ 72(d)] is applicable only when the aggregate amount receivable by the employe in the first three years is equal to or greater than the amount contributed by the employe. *It does not mean that the payments received by the appellant constitute a return of his own funds* until

the sum which he contributed is exhausted. It is an arbitrary exception to § 72(b) of the Internal Revenue Code which establishes a formula based upon the taxpayer's contribution to the fund from which the pension is paid. (Emphasis added)

196 Pa.Super. at 167, 173 A.2d at 804–05.

Our statute (Ind.Code 22–4–15–4, *supra* ) presents a clear and unambiguous rule to apply. An individual is ineligible for unemployment compensation benefits if (a) he is receiving deductible income, with deductible income being defined in Ind.Code §§ 22–4–5–1 to –2; or (b) he is receiving a pension retirement or annuity payment *of which the employer contributes a portion or all of the money.*

We have been presented with no persuasive argument or authority that Ind. Code 22–4–15–4 is in any way inconsistent with the Internal Revenue Code or any other federal statute.

The *Rogers* case also presented the Fourteenth Amendment issue of equal protection, which the court dismissed summarily. A Washington case, *Caughey v. Employment Security Department* (1972), 81 Wash.2d 597, 503 P.2d 460, also dealt with this issue.

The claimants in *Caughey* maintained that the statute discriminated against them as recipients of federal government pensions as opposed to those who received old age and survivorship insurance under social security. (The Washington statute is similar to the Indiana statute in that it states an individual receiving old age and survivorship insurance, if otherwise eligible, will be able to receive unemployment compensation.)

The court rejected this assertion, as do we, on the basis that reasonable and justifiable grounds exist for the legislative distinctions, observing that a government pension is a form of a contract giving rise to compensation for past services rendered. Social security, on the other hand, is a federal social insurance program in which the government is spending money in aid of the

general welfare. This distinction is convincing.

Also inducing us to conclude that a federal government pension renders the pensioner ineligible for benefits is the plain language of Ind.Code 22–4–15–4, which states broadly, "under any plan of an employer," and the Indiana cases which have denied eligibility if a person receives a private pension which is in excess of the weekly benefits provided by the Indiana Employment Security Act. For the narrow purpose of determining eligibility under the Act there appears to be no significant difference between a private or a government pension. All of these cases, with one possible exception, are consistent with our conclusion.[1] *Jenkins v. Review Board of Indiana Employment Security Division* (1965), 138 Ind.App. 12, 211 N.E.2d 42; *Ball Brothers Company v. Review Board of Indiana Employment Security Division* (1963), 135 Ind.App. 68, 189 N.E.2d 429 (overruled in part on issues not considered here by *Jenkins, supra*); *Youngstown Sheet & Tube Co. v. Review Board of Indiana Employment Security Division* (1954), 124 Ind.App. 273, 116 N.E.2d 650; *Talley v. Review Board of Indiana Employment Security Division* (1949), 119 Ind.App. 680, 88 N.E.2d 157.

Thus the Board properly determined that Fields was not entitled to unemployment compensation benefits.

Affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I concur in the result reached by the majority. I do so because *Metropolitan Development Commission v. Cullison* (2d Dist. 1972) Ind.App., 277 N.E.2d 905 at 908 (rehearing denied, 279 N.E.2d 812) states that if the public interest is involved, the legislature might authorize a public official or agency to seek review. The Indiana

General Assembly has so provided. I.C. 22–4–17–3.

Fields, here, makes no argument that there should be a meaningful distinction drawn between a legislatively permitted appeal by an agency director to a judicial tribunal, as opposed to a provision which permits the agency official to prosecute an "administrative appeal" from an intermediate referee determination to the full Board of his own agency.

Thus, such issue, if it be an issue, is not before us. For this reason, I concur in result.

1. *Elberson v. Tokheim* (1963), 135 Ind.App. 688, 186 N.E.2d 894, appears contrary, but there the court had construed the retirement

payments to be something other than a pension.