**James R. LUGAR, for Himself and on Behalf of all Others Similarly Situated, as a Class of Retired Indiana State Police Employees, Appellants (Plaintiffs Below),**

v.

**Jack L. NEW, as Treasurer of the State of Indiana, Mary D. Aikins Currie, as Auditor of the State of Indiana, Robert Debard, Superintendent of The Indiana State Police, Sgt. David J. Crose, Trooper James A. Theobald and Thomas L. Kuespert, as members of the Indiana State Police, Pension Advisory Board, and Roy Stebbing, as Consultant to the Indiana State Police Pension Advisory Board, Theodore Sendak, Attorney General of Indiana, Appellees (Defendants Below).**

No. 2–979A294.

Court of Appeals of Indiana,
Second District.

March 24, 1981.

---

**250**

Donald L. Adams, James W. Commons, Adams & Commons, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellees.

Robert W. McNevin, Indianapolis, for amicus curiae.

BUCHANAN, Chief Judge.

## CASE SUMMARY

James R. Lugar, representing a class of plaintiff-pensioners (hereinafter plaintiffs) appeals the judgment of the trial court allowing the simultaneous use of two reduction factors, one based on age and one based on years of service with the Indiana State Police in computing pension benefits, claiming such determination is constitutionally and statutorily infirm; the trial·court's decision that the refusal of the Pension Fund to recalculate pension amounts of retired state police officers each time the law is changed is not constitutionally infirm nor contrary to the statute; and the trial court's conclusion that the refusal of the Pension Fund to grant supplemental pension benefits to employees who work less than 20 years is not constitutionally infirm nor contrary to statute.

We affirm.

## FACTS

The facts most favorable to the verdict of the trial court are as follows:

James R. Lugar represents a class of plaintiffs all of whom left the service of the Indiana State Police Department (hereinafter ISP) with less than twenty years of service, and prior to reaching age 55.

They allege that they are being discriminated against, and that the Indiana State Police Pension Trust Agreement (hereinafter Pension Fund) is violating Indiana law, by applying two "reduction formulas" to determine the amount of plaintiffs' pensions. One formula, which plaintiffs do not object to if applied alone, reduces a retiring ISP employee's pension by a pro rata amount for each year under twenty which he has served with the ISP at his date of retirement. The amount arrived at by applying this first reduction factor is then reduced again, by multiplying it again, this time by a percentage figure (less than 100%) based on the number of years below age 55 which the employee is at the date of

his retirement. It is the application of this second multiplication (hereinafter age reduction factor) "on top of the first" which plaintiffs object to. They allege that the use of both reduction factors is not authorized by the statute, and that the use of a factor based on age is an unconstitutionally discriminatory criterion.

The second count of plaintiffs' complaint stems from the timing of the computation of a retiree's benefits. The basic pension of a retiree is calculated as of the date of his retirement, and no further calculation or recalculation subsequent to that date is made. Plaintiffs argue that when the legislature amends the method of pension calculation (as it has done several times since the original passage of the Act in 1937), such amendments should be made retroactively applicable to retirees drawing pensions based on earlier, superseded formulation methods. Plaintiffs allege that each time the original act has been amended to change the method of calculation it has resulted in a higher pension classification providing for a greater dollar value pension to be paid to those affected by the amendments, and that therefore they have been harmed by denial of similar increases in their pensions.

Finally, plaintiffs allege that they are being unlawfully and unconstitutionally discriminated against by the failure of the Pension Fund to pay them the increased supplemental pension benefits extended to ISP employees who retire with *more* than twenty years of service and who are at least 55 years old when they retire.

Following stipulations of facts by the parties, and the presentation of additional evidence at a bench trial, the court found for the Pension Fund on all issues, and plaintiffs perfected this appeal.

## ISSUES

The issues stated by the parties are:
1. Under the law and constitution, can the Pension Fund use a reduction factor based both on the age of a retiree if below 55 and a reduction factor based on the years of service he has rendered if below 20?

2. Under the law and the constitution, can the Pension Fund refuse to recalculate the pension benefits of all retired ISP employees each time the law is changed to increase the pension benefits of persons not yet retired?

3. Under the law and the constitution, can the legislature enact a statute which provides increased (supplemental) pension benefits for ISP employees who remain on the department for more than twenty years and exclude from such supplemental pension benefits employees who have retired with less than twenty years of service?

## DECISION

*ISSUE ONE*—Under the law and constitution, can the Pension Fund use a reduction factor based both on the age of a retiree if below 55 and a reduction factor based on the years of service he has rendered if below 20?

*PARTIES' CONTENTIONS*—Plaintiffs contend that the use of an age reduction factor in addition to the reduction factor based on years of service less than 20 violates their rights by exceeding the authority of the applicable Indiana statute, and violates their constitutional rights by depriving them of equal protection against discrimination based on age. Pension Fund and Amicus contend that the age reduction factor was properly enacted pursuant to vote by the Plan membership, and that it is not constitutionally infirm because it is supported by a rational basis.

*CONCLUSION*—The use of both reduction factors does not abridge the statutory nor the constitutional rights of plaintiffs.

### a. *Plaintiffs' Statutory Rights*

Essentially, we are being asked to interpret the statute providing for the ISP Pension Fund. The portions of that statute at issue here are the following:

(c) The term 'employee beneficiary' means any eligible employee who has completed an application to become an employee beneficiary and made, or caused to be made, the proper deductions from his wages as required by the pension trust agreement.

.    .    .    .    .

(h) The term 'pension trust' means the agreement between the department and the trustee under the terms of which an actuarially sound retirement pension plan is established for the exclusive benefit of the employee beneficiaries subject to the following limitations:

(1) The normal retirement age may be earlier but not later than age seventy [70];

.    .    .    .    .

(8) To be entitled to the full amount of his basic pension classification, an employee beneficiary shall have contributed at least twenty (20) years of service to the department prior to retirement, otherwise he shall receive a proportionate pension.

I. C. 10–1–2–1.

The statute establishes a voluntary program administered under the terms of "the agreement." The statute allows latitude in the age of retirement with the sole requirement that no person may serve beyond age 70. All portions of the agreement must, under the terms of the statute, be conducive to "an actuarially sound" system. Another express guideline in the statute manifests the legislature's intent that no person receive a full pension unless he has rendered 20 years service. Consequently, those who retire with less than 20 years service receive a proportionate pension.

■ In interpreting a statute which is clear and unambiguous on its face, we must give the terms of the statute their plain meaning. *Peru Cemetery Co. v. Mount Hope Cemetery of Peru* (1946), 224 Ind. 202, 65 N.E.2d 849; *State v. Mears* (1938), 213 Ind. 257, 12 N.E.2d 343; *Huber v. Robinson* (1864), 23 Ind. 137; *Budnick v. Budnick* (1980), Ind.App., 413 N.E.2d 1023. Additionally, "[i]n ascertaining legislative intent, the entire statute and the object sought to

be obtained must be considered." *State v. Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892, 895.

The primary object of statutory construction is to ascertain and effectuate the intent of the Legislature as shown by the whole act, the law existing before its passage, the changes made and the apparent motive for making them. [citations omitted].

A construction of a statute by the Legislature, if clearly indicated by subsequent enactments, whether valid or not, will be given consideration by the courts. *State v. Davis* (1952), 230 Ind. 479, 104 N.E.2d 382, 383. *See also, State v. Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609.

We review the trial court's determination of the statute with these precepts in mind.

■ Testimony elicited at trial established that when the age reduction factor was enacted in 1953, the membership voted to accept the implementation of that addition to the pension formulation method. The enactment, by the Pension Fund, of the *reduction factor is within the ambit of the* statute which both provides latitude in the age of retirement (up to age 70) and, in any event, demands an actuarially sound plan. It is within the first guideline and promotes the second. It is neither "absurd" nor "illogical," and is within the scope of apparent legislative intent. *Skirvin v. Review Board* (1976), 171 Ind.App. 139, 355 N.E.2d 425.

Also, the legislature has acquiesced in this manner of computing the pension amount. In *State ex rel. O'Neal v. Cros* (1978), Ind.App., 378 N.E.2d 10, the court held that the legislature's failure to abolish a qualification requirement of continuity of service constituted "at least . . . some indication that the legislature did not find the continuity requirement repugnant to the statute." *Id.* at 13. *Cros* dealt with the same statute which is before us now. Similarly, we find that the absence of legislative action, despite the opportunities which have been presented, constitutes an acceptance by the legislature of the simultaneous use of the two reduction factors.

That the legislature saw fit not to change this interpretation of the statute in the face

of opportunities to do so is consistent with what has previously been ascertained to be its intent. As the court did in *Cros*, we find a compelling analogy to this pension plan in *State ex rel. Clemens v. Kern, et al.* (1939), 215 Ind. 515, 20 N.E.2d 514. There our Supreme Court stated that the purpose of a police pension program is to "improve the quality of public service by holding out to those who adopt it as a career some assurance of a competency [1] upon retirement . . . in the expectation that more competent persons will be attracted to such positions." *Id.* at 517, 20 N.E.2d 514. Encouraging continued service from experienced persons in the prime of their lives by application of an age reduction factor is indubitably consistent with the policy goals of the act. The primary object of a police pension plan is public, not private. The intent of the plan is to encourage long, continued service. *Klamm et al. v. State of Indiana ex rel. Carlson* (1955), 235 Ind. 289, 126 N.E.2d 487. Just as the continuity-of-service requirement considered in *Cros* served this goal, an age reduction factor encouraging additional service from relatively young persons serves the same ends. Accordingly, we hold that the plaintiffs' statutory rights under the pension statute, I. C. 10–1–2–1, have not been abridged.

### b. *Plaintiffs' Constitutional Rights*

◼ Plaintiffs also claim denial of equal protection of the laws because of the use of an age reduction factor. We conclude that the trial court properly found that plaintiffs' constitutional rights had not been violated.

The Supreme Court of the United States has recently addressed the degree of constitutional scrutiny appropriate in pension cases. *United States Railroad Retirement Board v. Fritz* (1980), —— U.S. ——, 101 S.Ct. 453, 66 L.Ed.2d 368 presented the question of whether it was constitutionally permissible to draw distinctions between different groups of railroad employees. Justice Rehnquist, writing for the majority,

concluded that because, as here, neither fundamental constitutional rights nor suspect classes of individuals were implicated, "we may put cases involving judicial review of such claims to one side." *Id.* at 459. Instead of strict scrutiny, the Court held that:

> In more recent years, however, the Court in cases involving social and economic benefits has consistently refused to invalidate on equal protection grounds legislation which it simply deemed unwise or unartfully drawn.

*Id.*

While we do not weigh the wisdom or draftsmanship of this statute nor the age reduction factor, we do heed the Court's determination of the standard of constitutional review.

The standard used in *Fritz* is also consistent with what Indiana courts have done in the past. *Fields v. Review Board* (1979), Ind.App., 385 N.E.2d 1168, disposed of a constitutional challenge to a denial of unemployment compensation by observing that "reasonable and justifiable grounds exist for the legislative distinctions." *Id.* at 1173. There being no "invidious or irrational" distinctions drawn in this case, *Fritz*, 101 S.Ct. at 459, and because the distinctions which have been drawn between ISP employees are not arbitrary, *Id.* 101 S.Ct. at 460, we conclude that the application of the age reduction factor meets the rational basis test, and withstands plaintiffs' constitutional challenge. *See also Podgor v. Indiana University* (1978), Ind.App., 381 N.E.2d 1274; *Indiana High School Athletic Ass'n v. Raike* (1975), 164 Ind.App. 169, 329 N.E.2d 66.

*ISSUE TWO*—Under the law and the constitution, can the Pension Fund refuse to recalculate the pension benefits of all retired ISP employees each time the law is changed to increase the pension benefits of persons not yet retired?

*PARTIES' CONTENTIONS*—Plaintiffs claim that all persons receiving ISP pen-

---

1. Here the term is used to denote a "sufficient means for a modest livelihood." Webster's New World Dictionary, 2d College Ed. (1970).

sions should have their pension amount recalculated by retroactive application of any new methods of calculation promulgated by the legislature. Pension Fund and Amicus contend that to do so would contravene legislative intent, and result in an erosion of the actuarial scheme of the fund, and that consequently, refusal to recalculate the pensions meets the rational basis test.

CONCLUSION—The Pension Fund's refusal to apply changes in the computation retroactively does not violate the law nor the constitution.

As in the previous issue, we are again called upon to determine the intent of the legislature. We are guided in this endeavor by Indiana cases addressing similar intentions. *Jensen v. Pritchard* (1950), 120 Ind. App. 439, 90 N.E.2d 518, aff'd on rehearing, 120 Ind.App. 439, 91 N.E.2d 846, involved a field examiner's pension program. The plaintiff represented a class of field examiners who had retired prior to 1947. In that year, the legislature amended their pension act to provide added benefits to field examiners who had not yet retired. Plaintiffs sued, arguing that any subsequently enacted increase should be passed on to them. The court refused retroactive application of the statute, holding:

> [W]e cannot give the amendment retrospective effect to the extent that it takes away or impairs vested rights acquired under the original act or creates new obligations in respect to transactions already passed. (Citations omitted). The rights and obligations of the parties in the annuity contract the appellee now holds became vested prior to the 1947 amendment. The effect of the amendment as advocated by the appellee would materially alter said contract and impose additional obligations on the appellants.

*Id.* at 90 N.E.2d 522.

On petition for rehearing, the *Jensen* Court refused to change its holding, adding that since the legislature enacted pension legislation to encourage long, continuous service, a public benefit, payment to persons already retired would not serve the public ends but rather would be a gratuity from the state.

It would serve a purely private and not a public purpose. On the other hand, the restriction of the amendment to those who are now in the service and to those who may be attracted to it in the future, seems to us to be in full accord with the fundamental theory and purpose of the legislation.

*Id.* at 91 N.E.2d 847–48. We are persuaded that *Jensen* is good law, applicable to this case. We decline plaintiffs' invitation to overrule *Jensen*. While we agree with plaintiffs' statement that pension laws should be liberally construed to give effect to their beneficent purposes, *Klamm, supra*, we cannot contravene the legislature's intent, nor do we agree that an expansion of the pension fund's liability is necessarily harmonious with our duty of promoting the fund's ability to aid pensioners.

Our action here is consistent with the plain words of the statute. I. C. 10–1–2–1(h)(9) provides that "[t]he basic monthly pension amount shall in no event exceed by more than twenty dollars [$20.00] one-half [½] the amount of *his* average monthly wage received during the highest paid consecutive twelve [12] months prior to retirement." (Emphasis added). Thus the statute expressly provides that a pension is to be computed on a readily ascertainable basis; the actual average salary received by the individual prior to his retirement. This is dissimilar to the statute analyzed in *Schweizer v. City of Fort Wayne* (1975), 165 Ind.App. 281, 332 N.E.2d 119. There, the statute, I. C. 19–1–37–28, expressly stated that the act applied to "*all* persons receiving pensions." *Id.* 332 N.E.2d at 120 (emphasis added). No such language is present in this statute. As in *Klamm, supra*, we will not read into this statute more than was intended by the legislature. *Id.* 126 N.E.2d at 490. *See also, State ex rel. Clemens v. Kern et al., supra.*

Having determined the legislative intent pertaining to the method of computation, we now address plaintiffs' constitutional challenge to their exclusion from the benefits of subsequent amendments. They

argue denial of equal protection. Although this statute appears to be constitutional, it is true that it may be unconstitutionally applied. *Yick Wo v. Hopkins* (1886), 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220. However, the challenger of a statute claiming unconstitutional application must show how the application is unreasonable. *Fritz, supra; Sturrup v. Mahan* (1974), 261 Ind. 463, 305 N.E.2d 877; *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867; *Fields, supra; Podgor, supra; Raike, supra; Smith v. State* (1975), 165 Ind.App. 291, 332 N.E.2d 121. Plaintiffs have not met this burden. Given the rational basis for distinction between groups of pensioners such as are delineated by this legislation, *Jensen, supra*, coupled with the lower level of scrutiny directed toward economic legislation, *Fritz, supra*, we conclude plaintiffs have not suffered an impairment of their constitutional rights.

*ISSUE THREE*—Under the law and the constitution, can the legislature enact a statue which provides increased (supplemental) pension benefits for ISP employees who remain on the Department for more than 20 years and exclude from such supplemental pension benefits employees who have retired with less than 20 years of service?

*PARTIES' CONTENTIONS*—Plaintiffs claim they are being denied equal protection of the law by being denied supplemental pension benefits. Pension Fund and Amicus contend that by its terms the statute provides supplemental benefits as an incentive and reward to persons above age 55 who have served for at least 20 years, and therefore the statute meets the applicable rational basis test.

*CONCLUSION*—The legislature has properly enacted the law providing for the payment of supplemental pension benefits, and plaintiffs' constitutional rights have not been prejudiced thereby.

■ We are here concerned with a different portion of the Pension Act than that discussed previously. I. C. 10–1–2.6–1 *et seq.* provides for the payment of a supplemental pension to ISP personnel who have retired due to reaching age 55, or who have reached age 55 and retired after serving for 20 years. Such payments amount to an additional 5% of a qualifying ISP employee's basic pension for each year of service rendered above 20, up to a maximum of 30. Consequently, an ISP veteran who puts in 30 years can conceivably receive 150% of his base pension. The funding for these supplemental payments comes not from employee contributions, but rather from special appropriations by the General Assembly. I. C. 10–1–2.6–5. Supplemental pension payments are therefore a bounty from the State.

Plaintiffs attempt to torture the statute to include their class. The statute provides that

> Eligibility for supplemental benefits.—In order for any employee of the Indiana state police department to become eligible for any supplemental benefits provided for in this chapter such employee must have reached age 55, must have completed at least twenty [20] years service with the Indiana state police department, or have been retired by virtue of reaching age fifty-five [55] years, and be first eligible to receive retirement benefits pursuant to the provisions of IC 10–1–2 [10–1–2–1—10–1–2–10].

I. C. 10–1–2.6–2.

The statute is a model of clarity. It provides that in order to be eligible for supplemental benefits, an ISP employee must

1. Have reached age 55 and

2. Must have completed at least 20 years service with the ISP. or 2. Have retired by virtue of reaching age 55.

3. And, in any event, be eligible for a pension under I.C. 10–1–2 (the basic pension chapter).

The statute unambiguously requires that in order to qualify for supplemental payments an individual must be at least 55 years old. Plaintiff class *by definition* is composed of individuals *less* than 55 years of age. They are simply not included under this statute. Their complaint is to another branch of state government.

Nor can plaintiffs find solace in any argument based on legislative intent. This chapter expressly states that *"as an incentive* to all employees of the department," I. C. 10–1–2.6–4, supplemental pension benefits will be increased. This is a rational purpose for the supplemental pension legislation that meets the applicable limited scrutiny standards. *Fritz; Fields; Podgor; Raike; supra.* Accordingly, we conclude that the plaintiffs have not shown an impairment of their constitutional rights, and that the supplemental pension statute serves the public interest by providing incentive to experienced ISP personnel. *Klamm, supra.* Obviously there is nothing unreasonable nor invidious in the distinctions created by this statute. *Fritz, supra.*

Having resolved all issues raised in a manner favorable to the trial court's judgment, it is in all things

AFFIRMED.

SHIELDS and SULLIVAN, JJ., concur.